■ KOEHRING COMPANY, Respondent, v A. CESTONE COMPANY, Appellant.—Order, Supreme Court, New York County, entered on December 11, 1975, denying defendant's motion to dismiss the complaint pursuant to CPLR 3211 (subd [a], par 5) unanimously reversed, on the law, defendant's motion granted and the complaint dismissed. Appellant shall recover of respondent $60 costs and disbursements of this appeal. Defendant A. Cestone Company is engaged in the construction business. Alfredo DaCunha, defendant's employee, was injured in New York City during construction operations when a trenching machine (backhoe) ran over him. DaCunha sued Koehring Company, the manufacturer of the trenching machine, plaintiff herein, in New Jersey for negligence and breach of warranty. Koehring then served a third-party complaint on the employer, Cestone, seeking common-law indemnification based on alleged failure to instruct its employee, the operator of the backhoe. Cestone's motion for summary judgment dismissing the third-party complaint was granted and no appeal was taken from the order embodying that relief or the judgment entered thereon. DaCunha subsequently recovered a verdict against Koehring which was reduced on stipulation to $675,000. After paying one half of the judgment, Koehring commenced the instant action in New York State against Cestone seeking indemnification in the amount of $337,500 (one half of the judgment recovered in New Jersey). Cestone moved to dismiss the complaint pursuant to CPLR 3211 (subd [a], par 5) alleging, *inter alia, res judicata* and collateral estoppel. Plaintiff avers that under New Jersey law it was precluded from bringing a third-party action against Cestone because the rule is that a third-party suit by an injured employee receiving Workmen's Compensation, may not seek indemnification from the employer. The

New Jersey rule is contrasted by plaintiff with proffered New York law to the effect that the fact of an injured employee's receiving Workmen's Compensation does not immunize the employer from suit for indemnification brought by a third-party (citing *Dole v Dow Chem. Co.,* 30 NY2d 143). Although the New Jersey court did not delineate the grounds for its decision dismissing the third-party action, plaintiff Koehring admits that the issue of the application of New York law was litigated. There is no claim that fatal error, such as fraud, coercion, duress, absence of jurisdiction or overriding public policy, affects the New Jersey judgment. Consequently, it is conclusive and full faith and credit precludes inquiry into the merits or validity of the legal principles upon which the judgment is predicated. Even assuming that the New Jersey judgment was based on a misinterpretation of New York law, in the absence of plaintiff's appealing that determination, it is binding on this court. It is clear that *res judicata* obtains under the circumstances herein. Thus the New Jersey judgment cannot be impeached in or out of that State by showing that it was based on a mistake of law, even if it is based on a misapprehension of New York law *(Fauntleroy v Lum,* 210 US 230). Concur—Murphy, J. P., Lupiano, Birns, Silverman and Lane, JJ.