OPINION OF THE COURT
Memorandum.
The order of the Appellate Division should be affirmed, with costs.
As that court held, plaintiff-appellant’s present claim is precluded by the determination adverse to her in the Federal court action. If one accepts the contention now advanced by her that recovery on the theory of breach of common-law fiduciary duties was not pleaded in the Federal action, it could have been. On the other hand, if one accepts the analysis of the pleadings advanced by the dissenter, the common-law cause of action was separately pleaded in the Federal action. In any event it is not disputed that both the Federal statutory *698 claim and the common-law claim arose out of the same series of connected transactions. The disposition of the Federal action on the merits for failure to state a cause of action extinguished all rights plaintiff may have had to remedies against Merrill Lynch with respect to all or any part of the series of connected transactions out of which the Federal action arose. (Matter of Reilly v Reid, 45 NY2d 24; see Restatement, Judgments, 2d [Tent Draft No. 1, 1973], § 61.) This rule applies to extinguish theories of recovery not presented and remedies not demanded in the Federal action (see Restatement, Judgments, 2d [Tent Draft No. 1, 1973], § 61.1).
The only basis on which the present claim would not now be precluded would be that plaintiff-appellant’s present common-law claim could not have been asserted in the Federal action. Although it is conceded that the common-law cause of action could have been considered only under the pendent jurisdiction of the Federal court and that the Federal court could have declined to exercise such jurisdiction, unless it is clear that the Federal court as a matter of discretion did decline or would have declined to exercise that jurisdiction, the State action is barred (see id., § 61.1, Comment e, and Illustration 10). In the. present instance, on the record in the Federal action submitted to us it is not clear that the Federal court did decline or would have declined to exercise its pendent jurisdiction. That issue appears not to have been raised or even considered by the parties or by the court. Plaintiff-appellant made no application for any clarification or limitation with respect to the scope of the dismissal of the Federal action.
Plaintiff-appellant’s original complaint, setting forth 48 counts in 103 paragraphs running to 39 pages had been dismissed with leave to file an amended complaint. Defendants-respondents moved to dismiss the amended complaint (all but 8 of the 103 paragraphs of which were taken verbatim from the original complaint) for failure to allege fraud with sufficient particularity as required by subdivision (b) of rule 9 of the Federal Rules of Civil Procedure (US Code, tit 28). The Federal court granted the motion to dismiss with the statement — "The complaint still fails to set forth the facts and circumstances of the alleged fraud and must be dismissed.” *699 This dismissal was on the merits for failure to state a cause of action.*
Following an affirmance of this dismissal on plaintiff-appellant’s appeal to the United States Court of Appeals for the Second Circuit, leave was sought to replead again. The District Court denied this application with the observation — "Inasmuch as plaintiff fully perfected her appeal to the Court of Appeals, and since the Court of Appeals did not remand the action to this court with direction to permit plaintiff to replead, this court has no authority to allow plaintiff leave to serve and file an amended complaint.” Nothing in this record supports the slightest inference that a common-law cause of action was dismissed for refusal of the Federal court to exercise its pendent jurisdiction or that the court would have declined to exercise that jurisdiction. There is thus no basis for failing to give preclusive effect to the disposition in the Federal forum, thereby barring the claim plaintiff-appellant seeks now to prosecute.

 In Federal court, as distinguished from our State courts, a dismissal is on the merits unless the contrary expressly appears (Fed Rules Civ Pro, rule 41, subd [b], US Code, tit 28). In principle, a dismissal on the merits should be accorded the same consequences for purposes of claim preclusion whether it comes after trial or before trial on a motion for summary judgment or on a motion to dismiss for failure to state a cause of action after leave to replead has been granted as in this case.