SALWEN PAPER COMPANY, INC., PROFIT SHARING RETIREMENT TRUST, Appellant, v MERRILL LYNCH, PIERCE, FENNER & SMITH, INC. Respondent.

Second Department, February 11, 1980

### APPEARANCES OF COUNSEL

*Julien, Schlesinger & Finz, P. C. (David Jaroslawicz, Alfred S. Julien* and *Stuart A. Schlesinger* of counsel), for appellant.

*Brown, Wood, Ivey, Mitchell & Petty (E. Michael Bradley* and *A. Robert Pietrzak* of counsel), for respondent.

## OPINION OF THE COURT

HOPKINS, J.

The action is brought to recover damages for breach of fiduciary duty and negligent performance of that duty. The plaintiff is a corporation which formed a profit-sharing plan for its employees. The defendant is a securities broker to whom allegedly the funds of the plan were given for investment.

The defendant moved to dismiss the complaint, *inter alia,* on the ground that the action was barred by operation of the doctrine of *res judicata* arising from the dismissal of a prior action brought by the plaintiff against the defendant in the United States District Court for the Southern District of New York. Special Term granted the defendant's motion to dismiss, and the plaintiff appeals.

We reverse. The action is not barred by the dictates of *res judicata,* since the dismissal of the prior action in the Federal court did not touch the common-law claims asserted, but only the claims alleging violations of Federal securities statutes and rules; the Federal courts declined to consider the common-law claims under the theory of pendent jurisdiction. Hence, the common-law claims survive the dismissal in the Federal court, and may properly be the objects of the action before us.

I

The litigation between the parties has followed a winding path. The plaintiff filed a complaint in the District Court for the Southern District of New York on February 8, 1977. That complaint consisted of eight causes of action, some of which alleged claims for damages based on violations of the provisions of the Securities and Exchange Act (US Code, tit 15, § 78j, subd [b]; rule 10b-5 [17 CFR 240.10b-5]; US Code, tit 15, § 78o), and some of which alleged, as in the complaint under review, claims for damages based on breach of fiduciary duty and negligent performance of fiduciary duty.

The defendant moved to dismiss the complaint (Fed Rules Civ Pro, rule 12, subd [b], par [1]; rule 6; rule 12, subd [f]). On May 26, 1977 the District Court granted the motion, finding that the complaint contained "merely conclusory allegations", which were insufficient to constitute "securities law com-

plaints" under the controlling precedents (see *Ernst & Ernst v Hochfelder,* 425 US 185; *Shemtob v Shearson, Hammill & Co.* 448 F2d 442; *Carroll v Bear, Stearns & Co.,* 416 F Supp 998).

The plaintiff appealed the dismissal to the Second Circuit Court of Appeals. The Court of Appeals remanded the action to the District Judge "for further proceedings without prejudice to renewal of the appeal after completion of the proceedings" in the District Court, which the District Judge assumed "contemplated reconsideration by this Court of its order dismissing the action so that an application for leave to amend the complaint could be considered" *(Salwen Paper Co., Profit Sharing Retirement Trust v Merrill Lynch, Pierce, Fenner & Smith,* 79 FRD 130, 132-133).*

The plaintiff thereafter applied to the District Court for leave to amend its complaint. The District Court denied the application on June 23, 1978, finding that "the proposed amended complaint is no more successful in its attempts to state valid claims than was the original complaint" *(Salwen Paper Co., Profit Sharing Retirement Trust v Merrill Lynch, Pierce, Fenner & Smith, supra,* p 134). The District Court ended its opinion by stating *(id.,* at p 137):

"Finally the proposed amended complaint repeats, with little or no alteration, the common law claims of the original complaint based on negligence (third and seventh claims), breach of contract (fourth claim) and common law fraud (sixth claim). It is well settled that if federal claims are subject to dismissal under Rule 12(b), then the allegedly 'pendent' common law claims should also be dismissed. *United Mine Workers v Gibbs,* 383 US 715, 726 * * * *Kavit v A.L. Stamm & Co.,* 491 F2d 1176, 1179-80 (2d Cir. 1974). This is particularly true in a 'garden-variety customer-broker suit'. *Carroll v Bear, Stearns & Co., supra,* 416 F Supp at 1002. Since the proposed amended complaint does not state a federal claim for relief, there is no federal jurisdiction for the third, fourth, sixth and seventh claims.

"Accordingly, the plaintiff's motion for leave to file an amended complaint is denied."

The plaintiff did not appeal the decision of the District Court, but on October 25, 1978 moved in the Second Circuit

---

* The disposition of the Second Circuit (573 F2d 1295) appears as a decision without a published opinion (see Local Rule, § 0.23) in the belief that no jurisprudential purpose would be served by a written opinion.

Court of Appeals to renew the earlier appeal. On December 12, 1978 that motion was denied by the Second Circuit.

This action was commenced on December 15, 1978. The defendant moved to dismiss the complaint on the ground that the causes of action alleged were barred by *res judicata* (CPLR 3013; 3016, subd [b]; 3211, subd [a], pars 5, 7). Special Term dismissed the complaint, holding that the prior determination in the Federal courts precluded a relitigation in the State court, since the underlying basis of the plaintiff's complaint in both the Federal and State courts was the same.

The sole issue before us, then, is whether the principles of *res judicata* apply to this case.

## II

Special Term relied largely on our decision in *McLearn v Cowen & Co.* (64 AD2d 606). There we said (at p 606): "The complaint should have been dismissed on the ground of *res judicata.* In the prior action in Federal court, plaintiff made the same allegations of breaches by appellant of its common-law fiduciary duties as she complains of in the instant action. Moreover, the motion should have been granted for failure to state a cause of action, notwithstanding the fact that appellant did not specify such ground in its papers (see *Wolfe v Bellizzi,* 58 Misc 2d 773). Based on the history of the instant litigation, plaintiff is deemed to have had notice of the additional ground upon which our reversal is based."

The facts in *McLearn* are more elaborately treated in the memorandum of the majority and in the dissenting opinions in the Court of Appeals (48 NY2d 696). The plaintiff in *McLearn* had sued originally in the Federal courts alleging eight causes of action, some of which claimed violations of Federal statutes, and others breach of common-law fiduciary duties, negligence, and unprofessional conduct. The District Court granted the defendant's motion to dismiss for failure to allege fraud with sufficient particularity (Fed Rules Civ Pro, rule 9, subd [b]). On appeal the Second Circuit affirmed.

The majority memorandum of the Court of Appeals affirmed this court in *McLearn* on the theory that the common-law claims alleged in the State action were barred by *res judicata,* because it was not clear on the record that the Federal court had declined to exercise its pendent jurisdiction. Thus it was said *(McLearn v Cowen & Co.,* 48 NY2d 696, 698, *supra):* "The

only basis on which the present claim would not now be precluded would be that plaintiff-appellant's present common-law claim could not have been asserted in the Federal action. Although it is conceded that the common-law cause of action could have been considered only under the pendent jurisdiction of the Federal court and that the Federal court could have declined to exercise such jurisdiction, unless it is clear that the Federal court as a matter of discretion did decline or would have declined to exercise that jurisdiction, the State action is barred (see [Restatement, Judgments 2d (Tent Draft No. 1, 1973)] *id.,* § 61.1, Comment *e,* and Illustration 10). In the present instance, on the record in the Federal action submitted to us it is not clear that the Federal court did decline or would have declined to exercise its pendent jurisdiction. That issue appears not to have been raised or even considered by the parties or by the court. Plaintiff-appellant made no application for any clarification or limitation with respect to the scope or the dismissal of the Federal action."

In dissent Chief Judge COOKE and Judge MEYER disagreed as to the majority's interpretation of Federal pendent jurisdiction. Chief Judge COOKE found that no presumption of exercise of pendent jurisdiction exists where the Federal claims are dismissed on the pleadings prior to trial *(McLearn v Cowen & Co.,* 48 NY2d 696, 700, *supra).* Judge MEYER found that the defendants had not sustained their burden of showing that the common-law claims had been in fact considered by the Federal courts *(supra,* p 705). Hence, in the view of the Judges in the minority in *McLearn, res judicata* did not apply, since there was no clear demonstration by the defendants that the Federal courts had in fact passed on the common-law claims. The Judges in the majority, on the other hand, placed the onus on the plaintiff to demonstrate that the Federal courts had not passed on the common-law claims.

We must now consider the present appeal in the light of *McLearn.*

### III

The critical question to be answered is whether the Federal courts determined the merits of the plaintiff's common-law claims. The answer rests on a construction of the opinion of the District Judge following the remand by the Second Circuit. The District Judge's analysis of the plaintiff's proposed amended complaint concentrates on the claims alleging viola-

tions of Federal law (see, e.g., *Salwen Paper Co., Profit Sharing Retirement Trust v Merrill Lynch, Pierce, Fenner & Smith,* 79 FRD 130, 134, 136, *supra),* and the claims alleging violations of the rules of the stock exchanges and NASD *(id.,* at pp 136-137). The commmon-law claims are briefly referred to by the statement that "[i]t is well settled that if federal claims are subject to dismissal under Rule 12(b), then the allegedly 'pendent' common law claims should also be dismissed", citing *United Mine Workers v Gibbs* (383 US 715), and *Kavit v Stamm & Co.* (491 F2d 1176) *(id.,* at p 137).

We think that this statement, though terse, cannot be construed otherwise than an express declination of pendent jurisdiction by the District Court over the common-law claims, and that, accordingly, the common-law claims were not considered in the Federal court action. This construction is made the more clear when the District Judge in his opinion adds that "[s]ince the proposed amended complaint does not state a federal claim for relief, there is no federal jurisdiction for the third, fourth, sixth and seventh claims" *(id.,* at p 137).

Moreover, the citation by the District Judge to *Kavit* leads to the conclusion that the language in *Kavit,* indicating that substantial State claims should not be tried by the Federal courts when concomitant Federal claims are dismissed, was a strong influence in the decision of the District Court not to invoke pendent jurisdiction. In *Kavit,* for example, Judge FRIENDLY stated in his opinion (491 F2d 1176, 1179, *supra):* "This court has not been grudging in its application of the pendent jurisdiction principles set out in *United Mine Workers v Gibbs, supra.* See, e.g., *Astor-Honor, Inc. v Grossett & Dunlap, Inc.,* 441 F2d 627 (2 Cir. 1971); *Leather's Best, Inc. v S.S. Mormaclynx,* 451 F2d 800, 809-811 (2 Cir. 1971); *Almenares v Wyman,* 453 F2d 1075, 1083-1085 (2 Cir. 1971), cert denied, 405 US 944 * * * (1972). In none of those decisions, however, did a federal trial involve any risk of loss of rights beyond the possibility, in *Astor-Honor* and *Leather's Best,* that the federal court would misread state law. A quite different case is presented where, as here, dismissal or a stay of the state claims would enable the defendant to have those claims determined by arbitrators rather than by a court. It is true that *Gibbs* suggests that the determination whether to invoke pendent jurisdiction or not should generally rest in the sound discretion of the district court, see 383 US at 727-728 * * *, but the Court used mandatory language in directing

that when the federal claims are dismissed before trial, 'even though not insubstantial in a jurisdictional sense, the state claims should be dismissed as well.' 383 US at 726".

Indeed, Judge FRIENDLY adopted the precept in *Kavit* that "[i]f it appears that the federal claims are subject to dismissal under F.R.Civ.P. 12(b) (6) or could be disposed of on a motion for summary judgment under F.R.Civ.P. 56, the court should refrain from exercising pendent jurisdiction absent exceptional circumstances" *(supra,* p 1180).

As a formulation of judicial policy, it is of course desirable that matters once decided should not be the subject of further litigation. It is equally a formulation of judicial policy that litigants should be entitled to present their claims in a forum having jurisdiction and obtain a decision relative to the merits of the claims. A reconciliation of both policies can be made in this case by separating what in truth was decided in the prior litigation from what was not. Matters excluded from consideration in a prior suit cannot be removed from a later suit under the doctrine of *res judicata* (cf. *Gedney v Marlton Realty Co.,* 258 NY 355, 364-365; *New York Tel. Co. v Holden,* 35 AD2d 835). The application of *res judicata* vis-à-vis the discretionary exercise of Federal pendent jurisdiction presents complex analytical problems; in this case, however, we think the Federal courts did not exercise pendent jurisdiction over the claims now asserted by the plaintiff, and the plaintiff should have the opportunity to litigate those claims in the State courts.

We hold, therefore, that the dismissal of the complaint by the Federal courts did not touch the common-law cause of action in the present complaint. Our determination is, of course, directed only toward the validity of the defense of *res judicata,* and we express no views as to any other aspect of the complaint or the ultimate success of the plaintiff.

## IV

The order appealed from should be reversed, with $50 costs and disbursements.

MOLLEN, P. J., LAZER and O'CONNOR, JJ., concur.

Order of the Supreme Court, Kings County (PINO, J.), dated April 17, 1979, reversed, with $50 costs and disbursements, and motion to dismiss on the ground of *res judicata* denied. Defendant's time to answer is extended until 20 days after

service upon it of a copy of the order to be entered hereon, together with notice of entry thereof.