VERMONT CONSTRUCTION, INC., Appellant, v JOHNSON INDUSTRIAL PAINTING CONTRACTORS, INC., Respondent.

Third Department, January 15, 1981

APPEARANCES OF COUNSEL

*Harvey & Harvey (John P. Kingsley* of counsel), for appellant.

*Lewis, Bell & Niles (John L. Bell* of counsel), for respondent.

OPINION OF THE COURT

MAHONEY, P. J.

Plaintiff, Vermont Construction Co., Inc. (Vermont Construction), was the general contractor for the construction of a hospital in the State of Vermont. Defendant, Johnson

Industrial Painting Contractors, Inc. (Johnson), a New York corporation, was Vermont Construction's subcontractor for painting and wall covering. On September 30, 1971, two employees of Johnson, both residents of New York, were injured on the job. One died as a direct result of his injuries. Actions by the estate of the deceased employee and the injured employee were commenced against Vermont Construction in the United States District Court for the District of Vermont. In those actions, Vermont Construction brought third-party claims against Johnson claiming full indemnity for any liability found against Vermont Construction. The third-party actions were dismissed upon motion by the District Court and affirmed by the United States Court of Appeals for the Second Circuit. No further appeal was taken in the Federal courts. The actions proceeded to trial in the District Court of Vermont and verdicts in favor of both plaintiffs in the aggregate sum of $222,300, plus costs, were returned against Vermont Construction. In the present action in this State, Vermont Construction seeks contribution from Johnson on the ground of apportioned negligence (General Obligations Law, § 15-108; CPLR 1401 *et seq.*). Johnson's answer, *inter alia*, contains the affirmative defense of *res judicata*. When Vermont Construction moved to dismiss that affirmative defense, Johnson cross-moved for summary judgment contending that the affirmed judgment of the District Court of Vermont, which dismissed the third-party claims against this same defendant, is an absolute defense to the present action. Special Term, relying upon *McLearn v Cowen & Co.* (48 NY2d 696) and *Koehring Co. v Cestone Co.* (52 AD2d 556, affd 41 NY2d 849), dismissed the complaint. This appeal ensued.

■ While we disagree with the predicate rationale, i.e., *res judicata*, relied upon by Special Term for complaint dismissal, we concur in the result for the reasons hereinafter stated.

■■ Special Term correctly cited *McLearn v Cowen & Co. (supra)* for the principle that all theories of recovery pleaded and tried as well as any other theory that could have been tried are subject to the absolute defense of *res*

*judicata.* However, as stated by the majority in *McLearn* (48 NY2d 696, 698, *supra)*: "The only basis on which the present claim would not now be precluded would be that plaintiff-appellant's present common-law claim could not have been asserted in the Federal action." Similarly, in *Koehring Co. v Cestone Co. (supra)*, a case remarkably similar to this case in factual detail, a defendant in a New Jersey suit brought third-party actions which were dismissed because New Jersey law does not permit an injured employee who is receiving compensation benefits to seek indemnification from his employer. Thus, since the compensated employee could not sue his employer, the defendant in the employee's action could not seek like relief against that same employer by third-party action. However, the issue of whether New Jersey law or New York law, which does not immunize the employer from suit for indemnification brought by a third-party *(Dole v Dow Chem. Co.,* 30 NY2d 143) should be applied, was actually litigated in the action in New Jersey (cf. *Camporese v Port Auth. of N. Y. & N. J.,* 49 NY2d 814). Consequently, since no appeal was taken from the New Jersey decision which refused to apply New York law, that result, under principles of *res judicata* and comity, was held to be binding in the subsequent action in this State seeking indemnification. Thus, in both *McLearn* and *Koehring,* an indemnification-seeking plaintiff was precluded from seeking such relief because the dispositive issue had been or could have been previously litigated. Here, however, Vermont Construction in the New York action is not seeking indemnification, a relief it concedes was litigated in Vermont and cannot be relitigated here, but, rather, is seeking contribution, a form of relief not permitted under Vermont law *(Howard v Spafford,* 132 Vt 434). Accordingly, since both parties agreed that Vermont does not permit contribution between joint tortfeasors, that issue was not and could not have been litigated in the prior action in that State. It necessarily follows that Special Term erred in dismissing the complaint on *res judicata* grounds.

It is our view that Vermont Construction's right as a foreign corporation to maintain an action in this State for contribution from a domestic corporation must be resolved

by application of the doctrine of *lex loci delicti*, i.e., the law of the place of the wrong as modernized by the Court of Appeals so as to make its applicability less inflexible. In *Babcock v Jackson* (12 NY2d 473), the Court of Appeals moved away from the inflexible rule that substantive rights are invariably determined by the law of the place of the tort and determined that justice, fairness and best practical results could be achieved by applying a more equitable standard known as the "center of gravity" or "grouping of contacts" doctrine. Thus, controlling effect would be given to the law of the jurisdiction which, because of its relation or contact with the occurrence or the parties, has the greatest concern with the specific issue raised in the litigation. Here, the specific issue raised is the right of Vermont Construction to seek contribution from Johnson pursuant to New York law (General Obligations Law, § 15-108; CPLR 1401 *et seq.)* where no such right exists in Vermont. Vermont Construction is seeking relief against a New York corporation pursuant to New York law solely because the State of its incorporation precludes that type of relief. Application of the "center of gravity" or "grouping of contacts" doctrine inexorably leads to the conclusion that Vermont, not New York, has the greater relationship and contact with the occurrence of the event and the issues raised thereby.

The order should be affirmed, with costs.

SWEENEY, MAIN, MIKOLL and HERLIHY, JJ., concur.

Order affirmed, with costs.