**In re SAXON INDUSTRIES, INC., Debtor.**

**SAXON INDUSTRIES, INC., Plaintiff,**

v.

**Seymour SCHNELL, Defendant.**

**Bankruptcy No. 82 B 10697 (EJR).**
**Adv. No. 83-5244A.**

United States Bankruptcy Court,
S.D. New York.

Sept. 13, 1983.

Cahill, Gordon & Reindel and Burns, Summit Rovins & Feldesman, New York City, for plaintiff.

Kaufman Malchman & Kirby, P.C., New York City, for defendant.

Shea & Gould, New York City, for Creditors' Committee.

DECISION ON MOTION TO
TERMINATE STAY

EDWARD J. RYAN, Bankruptcy Judge.

On April 15, 1982, Saxon Industries, Inc. (Saxon), a Delaware Corporation, filed with

this court a petition for reorganization pursuant to Chapter 11 of the Bankruptcy Code. Saxon is continuing in possession of its property as a debtor in possession and is currently operating its business as such. Saxon is a publicly held corporation.

Seymour Schnell is a shareholder of Saxon and the named plaintiff in an action commenced in 1980 in the United States District Court for the Southern District of New York encaptioned *Schnell v. Schnall, et al.* (the Schnell Action). This action was brought by Schnell derivatively on behalf of and for the benefit of Saxon, and individually on his own behalf.

The complaint therein alleges that a group of investors (the Icahn Group) bought approximately 9.9% of Saxon's outstanding common stock. Pursuant to section 13(d) of the Securities Exchange Act of 1934 (Exchange Act), any person acquiring a 5% or greater interest in a class of equity securities of a public corporation must disclose that fact and file a Schedule 13D with the S.E.C. The Icahn Group's Schedule 13D revealed that they had acquired the Saxon shares "for investment purposes". Subsequently, the Icahn Group met with representatives of Saxon, which meeting led to the repurchase by Saxon of all the shares purchased by the Icahn Group. The Icahn Group made a profit of $2,700,000 on the transaction.

Schnell alleges, *inter alia,* that the Icahn Group's Schedule 13D was in violation of § 10(b) of the Exchange Act because Icahn intentionally omitted to state the material fact that one of its major objectives in purchasing the Saxon stock was to cause Saxon to be sold at a quick profit to Icahn, or alternatively, to threaten the Saxon management with loss of its positions, salaries, and emoluments and to pressure the Saxon management to purchase the stock of Icahn at a quick profit to Icahn. Violation of fiduciary duty is also alleged.

The defendants in the Schnell Action moved to dismiss the complaint. By opinion and order of the district court dated March 31, 1981, this motion was denied with respect to Schnell's 10(b) claims brought derivatively. On June 5, 1981, the Icahn Group answered the complaint and asserted third party claims against the directors of Saxon who approved the repurchase.

In 1980 derivative litigation was commenced against the Icahn Group and certain present or former directors of Saxon in the Supreme Court of the State of New York (the Masri Action). This litigation also challenges the above mentioned stock repurchase, alleging breach of fiduciary duties owed to Saxon and all its shareholders.

Following the filing of Saxon's petition for reorganization, the Masri Action plaintiffs commenced an adversary proceeding in this court seeking a vacatur of the automatic stay provisions of 11 U.S.C. 362. As a result of negotiations, Saxon consented to a limited waiver of the automatic stay allowing the Masri Action to proceed.

On March 4, 1983 Saxon commenced the instant adversary proceeding against Schnell seeking a declaratory judgment that the Schnell Action be stayed as of April 15, 1982 by reason of Saxon's filing of its Chapter 11 petition. In the alternative, Saxon requests an injunction preventing defendant Schnell from proceeding in or taking any action with respect to the prosecution of the Schnell Action.

Defendant Schnell, by notice of motion dated March 18, 1983, seeks an order pursuant to 11 U.S.C. 362(d) terminating or annulling for cause any stay that may be applicable to the Schnell Action.*

■ Pursuant to 11 U.S.C. 362(g)(2) Saxon has the burden of proof to show that the automatic stay, if applicable, should be continued. For the reasons set forth below Saxon has failed to sustain this burden.

---

* Defendant also requests that an evidentiary hearing be held to inquire into Saxon's motivation for commencing the instant adversary proceeding or to transfer the proceedings to the United States District Court where the Schnell Action is pending. This court's disposition of the instant motion makes it unnecessary to reach defendant's alternative requests for relief.

Saxon contends, relying on *Meyer v. Fleming,* 327 U.S. 161, 66 S.Ct. 382, 90 L.Ed. 595 (1946), that the debtor corporation may determine whether derivative suits should be maintained. However, *Meyer* can not be so broadly construed. In that case the court held that derivative litigation was not automatically terminated when the corporation, for whose benefit the litigation was commenced, had its petition for reorganization approved pursuant to § 77 of the Bankruptcy Act of 1898. The Court remanded the action to the district court for a determination of whether the continued prosecution of the derivative suit would be inconsistent with the debtor's plan of reorganization or the administration of its affairs.

■ Saxon states in conclusory terms that continued prosecution of the Schnell Action would result in a wasteful duplication of effort and interfere with the orderly administration and reorganization of Saxon. However, it is apparent that any interference with the Saxon estate would be *de minimis.* Schnell has completed his discovery. Any discovery Saxon requires can be done simultaneously with that taken in the Masri Action. Further, the Schnell Action is being prosecuted on a contingency fee basis and does not require any participation of the Saxon estate for its prosecution.

Finally, Saxon argues that because the complaint in the Schnell Action asserts state common law claims for breach of fiduciary duty as well as claims for violation of the securities laws an adverse judgment in the Schnell Action may be res judicata as to the Masri Action. However, any res judicata effect is speculative. The district court may decline to consider the common law claims which could render the defense of res judicata unavailable to the defendants in the Masri Action. *See Salwen Paper Co., Inc., v. Merrill, Lynch, Pierce, Fenner & Smith, Inc,* 72 A.D.2d 385, 424 N.Y.S.2d 918 (2d Dept.1980).

Saxon has not met its burden of proof. Therefore, Schnell's motion to terminate or annul any applicable stay is granted.

Settle an appropriate order.