Robert A. FITZGERALD, Plaintiff,

v.

ALLEGHANY CORP., et
ano., Defendants.

No. 94 Civ. 3564 (LAK).

United States District Court,
S.D. New York.

May 2, 1995.

1434

Rudolph E. Greco, Jr., Jackson Heights, for plaintiff.

Benton J. Mathis, Jr., Drew, Eckl & Farnham, Atlanta, GA and John MacCrate, III Bigham, Englar, Jones & Houston, New York City, for defendant.

## MEMORANDUM OPINION

KAPLAN, District Judge.

This action asserts that plaintiff was terminated by his employer, defendant Chicago Title Insurance Company ("Chicago Title"), "in direct violation of his civil rights and the laws of the State of New York" shortly after the employer became aware of certain alleged disabilities and infirmities. The action was commenced in the New York State courts and removed to this Court on the basis of diversity of citizenship. Chicago Title moves to dismiss or, in the alternative, for summary judgment on the ground that the action is barred by *res judicata* or, alternatively, premature in consequence of the alleged pendency of an administrative complaint before the New York State Division of Human Rights (the "Division").[1]

*Facts*

Plaintiff was terminated by defendant on September 17, 1991 after approximately six months of employment. (Fitzgerald Aff. ¶ 4) He filed a complaint with the Equal Employment Opportunity Commission ("EEOC"), which issued a right to sue letter on January 27, 1993, holding that it lacked jurisdiction because the charge was not timely filed. (*Id.* Ex. 2)

The facts concerning the complaint to the Division are considerably murkier. Plaintiff's counsel, who acknowledges inexperience in this area, says that plaintiff made a complaint to the Division in December 1992, but that it was transferred to the EEOC and thus terminated. (Greco Aff. ¶ 4, 7) Defendant contends that the lack of any indication of a disposition by the Division means that plaintiff's complaint still is pending there. No documentary evidence has been submitted by either side as to the continued existence or non-existence of any proceeding in the Division. Moreover, although the pertinent regulations require that the Division promptly serve any complaint filed with it,[2] defendant, which relies on the alleged existence of a proceeding, does not claim that it was ever served.

On April 6, 1993, plaintiff commenced an action in this Court entitled *Fitzgerald v. Alleghany Corp., et ano.*, 93 Civ. 2203 (KC) ("*Fitzgerald I* "). The complaint in *Fitzgerald I* is virtually identical to the complaint in this action save that it charged that defendants' actions violated the Americans with Disabilities Act ("ADA") whereas the complaint in this case asserts that they violated New York State law. (*Compare* Def. Mem.Ex. 1 *with* Verified Complaint)

On May 27, 1993, Judge Conboy signed an order of voluntary dismissal, prepared and submitted by plaintiff's counsel (the "May 27 Order"). The decretal paragraph directed "that the within summons and complaint be withdrawn and this cause of action be dismissed voluntarily and without prejudice." The order did not contain the signatures of defendants' counsel, although it recited that

1. The other defendant, Alleghany Corporation, was dismissed previously by stipulation.

2. 9 N.Y.C.R.R. § 465.4(g) (1994).

defendants' counsel consented to it. (Greco Aff.Ex. A)

On June 7, 1993, plaintiff's counsel mailed copies of the May 27 Order to defendants' counsel under cover of letters indicating that plaintiff intended to bring a new action in the State court. (*Id.* Exs. D, E) On June 21, counsel for Chicago Title wrote to Judge Conboy. Counsel contended that the May 27 Order had been submitted to the Court without notice to defendants, that defendants had not consented to dismissal without prejudice, and that plaintiff was not entitled to dismiss without prejudice as a matter of right because the defendants had answered the complaint. Defendants asked that the Court enter a supplemental order dismissing the action with prejudice and sought sanctions. The letter, however, did not refer to the threatened State court action. (*Id.* Ex. C)

Plaintiff's counsel promptly responded with a letter claiming that he had explained to defendants' counsel his intention to dismiss *Fitzgerald I* and replace it with a State court action, and that they had not objected. He concluded his letter with a request that Judge Conboy "not change [the May 27] order as it now stands." (*Id.* Ex. B)

Judge Conboy held a conference with counsel on July 1, 1993. It is undisputed that all present agreed that *Fitzgerald I* would be dismissed because it was untimely and that Judge Conboy told plaintiff's counsel to pursue plaintiff's State claim "across Pearl Street." (*Id.* ¶ 18) On July 6, 1993, however, Judge Conboy entered an order (the "July 6 Order") that reads, in its entirety:

> "The Court's previous Order of May 27, 1993 is hereby modified to note that the complaint is dismissed with prejudice."

This action was filed in the State court on April 1, 1994.

### Discussion

The fundamental question posed by this motion is the effect of the July 6 Order dismissing *Fitzgerald I* "with prejudice."

Chicago Title contends that the July 6 Order bars the State law claim asserted here. Plaintiff, on the other hand, asserts that it precludes only the federal claim asserted in *Fitzgerald I* and has no effect on the present State law claim.

A dismissal with prejudice pursuant to Fed.R.Civ.P. 41(a)(2), as occurred here, is a final judgment on the merits favorable to the defendant. *Nemaizer v. Baker,* 793 F.2d 58, 60 (2d Cir.1986); RESTATEMENT (SECOND) JUDGMENTS § 20, *Comment d* (1982). A final judgment on the merits precludes all further claims between the parties that (1) are based on the same cause of action and (2) were or could have been litigated in the first case.[3] *E.g., N.L.R.B. v. United Technologies Corp.,* 706 F.2d 1254 (2d Cir.1983); *Hirschfeld v. Spanakos,* 871 F.Supp. 190, 193 (S.D.N.Y. 1994); RESTATEMENT (SECOND) JUDGMENTS §§ 17–19 (1982); *see Nemaizer,* 793 F.2d at 60.

The State law claim asserted here is identical to the claim alleged in the *Fitzgerald I* complaint, save that it relies on State rather than federal law as a basis for relief on the same facts. In consequence, the claims in both cases are based on the same cause of action for *res judicata* purposes. *W.E. Hedger Transportation Corp. v. Ira S. Bushey & Sons, Inc.,* 186 F.2d 236 (2d Cir. 1951); RESTATEMENT (SECOND) JUDGMENTS § 24 (1982). Accordingly, plaintiff's State law claim is barred if, but only if, that claim could have been litigated in *Fitzgerald I.*

The question whether plaintiff's State law claim could have been litigated in *Fitzgerald I* raises a troublesome problem. The State law claim could have been asserted in the sense that the nucleus of operative fact it shared with the federal claim brought it within the supplemental jurisdiction of this Court. *See* 28 U.S.C. § 1367(a). But federal courts are not obliged to exercise supplemental jurisdiction. They usually have the right to dismiss State claims within their supplemental jurisdiction for lack of subject matter

---

**3.** In the Second Circuit, federal law governs the preclusive effect of a federal judgment in a case in which jurisdiction was based on the assertion of a federal question, even to the extent that the federal judgment disposes of State law claims. *Gelb v. Royal Globe Ins. Co.,* 798 F.2d 38, 40–43 & n. 3 (2d Cir.1986). Thus, federal law controls here.

jurisdiction, *see* 28 U.S.C. § 1367(c), and such a dismissal has no preclusive effect because it is not on the merits. *See Exchange National Bank v. Touche Ross & Co.,* 544 F.2d 1126, 1130–31 (2d Cir.1976); Restatement (Second) Judgments § 20(1)(a) (1982). In consequence, where a federal court plaintiff fails to assert a State claim, one cannot be sure that the federal court would have entertained the claim. Without knowing whether the claim would have been entertained, it may be difficult to be certain that the State claim in fact could have been litigated on the merits and, in consequence, whether the federal judgment precludes the State claim.

Courts have taken different approaches to this problem. The New York Court of Appeals, for example, has held that a State claim that was within the pendent jurisdiction of a federal court in a prior federal action is barred by a federal judgment on the merits, irrespective of whether the State claim was asserted, unless it is clear that the federal court declined, or would have declined, to exercise its pendent jurisdiction over the State claim. In cases where the prior federal court did not expressly address the issue of pendent jurisdiction,[4] either because of inadvertence or because the State law claim was not asserted, New York thus permits the subsequent court to examine whether the prior court would have exercised pendent jurisdiction over the State law claim if the point had been raised, albeit with a strong presumption that jurisdiction would have been exercised. *McLearn v. Cowen,* 48 N.Y.2d 696, 698, 422 N.Y.S.2d 60, 61, 397 N.E.2d 750, 751 (1979); *accord, e.g., Brown v. Federated Department Stores, Inc.,* 653 F.2d 1266, 1267 (9th Cir.1981); *Anderson v. Phoenix Investment Counsel,* 387 Mass. 444, 450, 440 N.E.2d 1164, 1167–70 (1982); *Boccardo v. Safeway Stores, Inc.,* 134 Cal.App.3d 1037, 184 Cal.Rptr. 903 (1st Dist.1982); *Rennie v. Freeway Transportation Co.,* 294 Or. 319, 325–29, 656 P.2d 919, 922–24 (1982); *Silver v. Queen's Hospital,* 63 Haw. 430, 629 P.2d 1116 (1981); Restatement (Second) Judgments § 26 (1982).

Another approach that has found judicial favor holds that the court in the second action should not consider how the rendering court would have exercised its discretion with respect to hearing the State claims. If the State claims, had they been asserted, would have been within the *power* of the rendering court to determine, then those State claims are barred irrespective of any possibility that the rendering court would not have heard them on the merits. This approach thus emphasizes the important policies of judicial economy and fairness served by compelling litigants to join in a single action all claims arising out of the same nucleus of operative facts. *See, e.g., Harper Plastics, Inc. v. Amoco Chemicals Corp.,* 657 F.2d 939, 946 (7th Cir.1981). It effectively presumes that the federal court would have exercised its discretion to determine the State claims on the merits rather than dismissing them for lack of subject matter jurisdiction.

■ While the Second Circuit has not determined this issue, its decision in *McLearn v. Cowen & Co.,* 660 F.2d 845 (2d Cir.1981), the sequel to the New York Court of Appeals decision discussed above, nevertheless suggests that defendant's motion should be denied.

Following the New York Court of Appeals decision, McLearn moved in the federal court, pursuant to Rule 60, to clarify the judgment to indicate that the State claims had been dismissed for lack of jurisdiction. The motion was denied and the ruling appealed. The Second Circuit reversed. Three opinions were filed, two for reversal on different grounds and one for affirmance. Hence, McLearn was permitted to bring his State court action.

In reaching this result, Judge Lumbard held that the district court was required by *United Mine Workers v. Gibbs,* 383 U.S. 715, 726, 86 S.Ct. 1130, 1139, 16 L.Ed.2d 218 (1966), to dismiss the State claims on jurisdictional grounds because the federal claims had been dismissed before trial. Since the district court, in his view, lacked jurisdiction over the State claims once the federal claims

**4.** I use the terms "pendent jurisdiction" and "supplemental jurisdiction" interchangeably. The cases dealing with this problem in the pen-dent jurisdiction context are generally applicable here in all respects material to this decision.

were dismissed, Judge Lumbard concluded that the State claims could not have been brought in the federal court and therefore were not barred. However, Judge Lasker, who concurred for reversal, argued that *Gibbs* did not require dismissal, but that the policies of *Gibbs* and the practice in the Second Circuit justified a presumption that the State law claims had been dismissed on jurisdictional grounds absent an explicit statement to the contrary in the order. Judge Meskill, who dissented, did not reach the issue.

*McLearn* is not technically controlling here for at least two reasons. First, the plaintiff in that case at least arguably asserted his State claims in the initial federal action, thus obviating consideration of whether he should have been precluded in order to create an incentive for joinder of all claims in a single action. Second, Judges Lumbard and Lasker rested on the premise that State law claims invariably (or almost invariably) would be dismissed on jurisdictional grounds when federal claims are disposed of prior to trial. If 28 U.S.C. § 1367, which was enacted after the *McLearn* decision, is construed in a manner that alters this practice, their rationale will be undermined.[5] Nevertheless, the case is instructive because it suggests that adoption in this Circuit of a rule that would preclude consideration of the likelihood that an unasserted State claim would be decided on its merits by the initial federal court probably is unlikely. I need not, however, decide that question here because this case does not exactly match the usual unasserted claim situation.

The issue as to the status of unasserted State claims following disposition of federal claims arising out of the same facts usually comes up in circumstances in which the initial court, for the obvious reason, never has any occasion to decide whether subsequent assertion of the State claim should be permitted or foreclosed. The federal claim simply is litigated and decided with no mention at all of the unasserted State claim. In such situations, it may be appropriate to hold that the State claim is barred in order to provide an incentive to join all claims in a single action, particularly because the lack of any discussion by the initial court as to whether to entertain the State claim on its merits is attributable to the plaintiff.

■ The situation is somewhat different in the context of a Rule 41(a)(2) dismissal. Under Rule 41(a)(2), the plaintiff requires leave of court to dismiss its case, and dismissal may be conditioned on such terms and conditions as the court thinks fit. This permits a defendant to argue that unpleaded State claims should be barred, as may be appropriate where, for example, the defendant has invested substantial time and resources in the case and is within sight of a favorable result.

■ The fact that Rule 41(a)(2) requires that the court have an opportunity to address this issue directly is significant. Concerns that otherwise might justify a refusal to consider whether the judge who signed a prior judgment would have exercised jurisdiction over a plaintiff's unasserted State law claim, if the issue had been before the judge, are not present in this context. For example, where the plaintiff seeks a Rule 41(a)(2) dismissal of an action containing only federal claims, any failure of the court to address the effect of the dismissal on unasserted State claims usually will be attributable at least in part to the defendant's failure to raise the issue. Hence, whatever rule may be appropriate in other circumstances, I think that a Rule 41(a)(2) dismissal of a federal claim should preclude subsequent litigation of an unasserted State claim arising out of a common nucleus of operative fact unless the court granting the dismissal clearly indicates a contrary intention or it is clear that the initial court would not have considered the State claim on the merits if it had been asserted. This approach, in my view, reflects a fair balance between the interests of the courts in judicial economy, defendants who are entitled to repose at some point, and

---

5. Indeed, *Carnegie–Mellon University v. Cohill,* 484 U.S. 343, 350 n. 7, 108 S.Ct. 614, 619 n. 7, 98 L.Ed.2d 720 (1988), which indicates that jurisdictional dismissal of pendent State claims does not follow automatically from the pretrial dismissal of the federal claims, has rendered the premise of Judge Lumbard's opinion somewhat inaccurate.

plaintiffs who have a right to one full hearing on the merits.

Both of these conditions are satisfied here. Judge Conboy undisputedly indicated his expectation that the State claim would be pursued. Moreover, there is no colorable basis for supposing that he would have decided the State claim on the merits once it became clear that the federal claim could not withstand a Rule 12(b)(6) motion.

Defendant contends also that this action is premature because there is a complaint involving the same facts pending before the Division. While the pendency of a claim before the Division prevents a federal or State court from considering a plaintiff's discrimination complaint,[6] I cannot conclude as a matter of law that anything remains before the Division.

Defendant's motion for summary judgment dismissing the complaint is denied.

SO ORDERED.

---

6. N.Y.Executive Law § 297(d)(9) (McKinney 1982); *Selbst v. Touche Ross & Co.*, 587 F.Supp. 1015 (S.D.N.Y.1984).