LYONS, Justice
(concurring specially).
I concur in the opinion of the Court. I write specially to address that aspect of the dissenting opinion of Chief Justice Moore dealing with the Court’s affirmance of the trial court’s dismissal of Sprinkle’s claim based upon the doctrine of res judi-cata.
The Chief Justice relies upon the concurring opinion of Judge Lasker in McLearn v. Cowen & Co., 660 F.2d 845, 851 (2d Cir.1981) (“Where the district court, on the pleadings, dismisses a complaint containing both state and federal claims and fails to indicate whether the state claims are being dismissed on the merits, however, the most useful operative rule is to presume that the court declined to exercise its discretionary pendent jurisdiction over the state law claims.” (emphasis added)).
The problem with embracing such a presumption in this case is that it requires Deputy Edwards, the party who obtained the dismissal, to overcome the presumption. How does he do so? Taking testimony from the United States District Court by affidavit or deposition is not a viable alternative. With respect to this presumption, Judge Meskill stated in his dissenting opinion in McLeam: ‘Whether dismissal of a complaint containing both federal and state claims should, as Judge Lasker argues, be presumed to address only the federal claims on the merits, ‘absent clear indications to the contrary,’ must remain an open question until a litigant properly raises it in an appropriate proceeding.” McLearn, 660 F.2d at 853 (emphasis added). As the main opinion notes, a motion by Sprinkle in federal court pursuant to Rule 60, Fed.R.Civ.P., is the appropriate proceeding.
The dissenting opinion would put this Court in the business of second-guessing the effect of a judgment in federal court that on its face, by the plain language of Rule 41, Fed.R.Civ.P., operates as an adjudication of all claims on the merits. In McLeam, the state court had previously, and quite properly, treated the prior federal dismissal as an adjudication on the merits as mandated by the plain language of Rule 41, Fed.R.Civ.P. See McLearn v. *221 Cowen & Co., 48 N.Y.2d 696, 699, 897 N.E.2d 750, 752, 422 N.Y.S.2d 60, 62 (1979). But, in a subsequent memorandum, the state appellate court gave the plaintiff the opportunity to reopen the state court proceedings if it could get the federal court to clarify its order so that it no longer precluded the state-law claims. MeLearn v. Cowen & Co., 52 N.Y.2d 896, 418 N.E.2d 1325, 437 N.Y.S.2d 306 (1981).
The main opinion properly recognizes that the federal court order is an adjudication on the merits and affirms the trial court’s summary judgment, which was entered on the basis that the state-law claims are barred by the doctrine of res judicata. However, this Court also recognized, just as the state appellate court did in McLean, the availability to Sprinkle of postjudgment relief under Rule 60, Ala. R. Civ. P., if he should subsequently obtain relief from the federal court judgment under Rule 60, Fed.R.Civ.P. While this route might appear circuitous, it properly places the burden on Sprinkle, rather than on Edwards, to clarify the federal district court’s judgment, which on its face is an adjudication on the merits against Sprinkle.
SEE, J., concurs.