OPINION OF THE COURT
Memorandum.
The order of the Appellate Division should be reversed, with costs, and the order of Supreme Court denying defendant’s motion to dismiss reinstated, without prejudice, however, to the right of defendant, other than in a motion under CPLR 3211, to raise the defense of failure to state a cause of action.
For a statement of the history of this appeal see 48 NY2d 696. Subsequent to that determination, plaintiff returned to the Federal courts for clarification of the District Court determination as to dismissal of her State law cause of action. Pending such clarification she moved for reargument in our court. We denied that motion without prejudice to renewal following clarification by the Federal courts (52 NY2d 896). On January 20, 1982, the Federal District Court amended its original order of dismissal to include the provision, “The foregoing dismissal is without prejudice to any claim which plaintiff may have under state law”. We then granted plaintiff’s renewed motion for reargument and set the case down for argument (59 NY2d 840).
Inasmuch as it has now been made clear that the Federal dismissal did not include the State law cause of action, it was error to have granted defendant Merrill Lynch’s motion to dismiss on the ground of res judicata.
There remains, however, the question whether it was also error for the Appellate Division on its own to grant the motion to dismiss on the alternative ground that the complaint fails to state a cause of action under State law. This issue was not addressed by the majority of our court on the initial appeal to us.
*689 We now conclude that it was error for the Appellate Division to have considered this as a ground for the motion to dismiss. Merrill Lynch’s motion was expressly based on the res judicata contention, now found to be without merit. No mention was made of dismissal for failure to state a cause of action and its assertion that this ground must be deemed to have been embraced in the prayer for “other and further relief” is unavailing.
Inasmuch as the motion to dismiss was not predicated on a claimed failure to state a cause of action plaintiff was never afforded an opportunity to seek leave to replead within the prescriptions of CPLR 3211 (subd [e]). Deprivation of that opportunity worked substantial prejudice to her. It was, therefore, error on the part of the Appellate Division to have granted the motion on the alternative ground.
The defense of failure to state a cause of action is not lost, however, by failure to include this ground in the motion under 3211 (CPLR 3211, subd [e]). Although it may not be raised in another motion under that section (of which the statute permits only one) it may be later raised in another form (Rich v Lefkovits, 56 NY2d 276, 281-282).
Chief Judge Cooke and Judges Jasen, Jones, Wachtler, Meyer, Simons and Kaye concur in memorandum.
Upon reargument, order reversed, with costs, and the order of Supreme Court, Westchester County, denying defendant’s motion to dismiss reinstated, without prejudice, however, to the right of defendant, other than in a motion under CPLR 3211, to raise a defense of failure to state a cause of action.