BETH J. EVANS, Respondent, v L.F. ROTHSCHILD, UNTERBERG, TOWBIN, INC., et al., Appellants.

First Department, November 19, 1987

## APPEARANCES OF COUNSEL

*David M. Ardam* of counsel *(Spada & Ardam, P. C.,* attorneys), for respondent.

*Martin S. Berglas* of counsel *(Janvey, Berglas & Gordon,* attorneys), for appellants.

## OPINION OF THE COURT

SANDLER, J. P.

In an action arising out of a trading authorization agreement in which plaintiff conferred discretionary authority on defendants to buy, sell, and trade in securities on her behalf, the plaintiff seeks to recover damages for losses allegedly sustained as a result of defendants' breach of their fiduciary duties, violation of their contractual responsibilities, and negligence.

Defendants moved for an order pursuant to CPLR 3211 (a) (5) dismissing the action on the grounds that it was barred by the principle of res judicata because a Federal action involving the same transaction previously commenced by plaintiff against the defendants was dismissed by the Federal court pursuant to rule 12 (b) (6) of the Federal Rules of Civil Procedure for failure to state a claim. The Individual Assignment court denied the motion, holding that once the United States District Court dismissed prior to trial plaintiff's Federal claims for failure to state a claim, the court was without jurisdiction to take any action with respect to a pending State claim, and therefore the Federal judgment did not constitute a dismissal of plaintiff's State claims on their merits. We agree with the conclusion reached by the I.A. court on the basis of a somewhat different analysis of the issues presented.

The amended Federal complaint whose dismissal is asserted by defendants to bar the State claim opened with a jurisdictional section stating that the action arises under section 10 (b), section 15 (c) (1), sections 15A, 20 and 27 of the Securities Exchange Act. After describing the parties, the complaint alleged in a single cause of action that the defendants and their employees "engaged in fraudulent and manipulative practices in connection with the purchase and sale of securities in violation of the aforesaid statutory authorities and in violation of the Rules of Fair Practice of the National Association of Securities Dealers, Inc. and in violation of the Rules of the New York Stock Exchange, and were thereby in breach of their fiduciary obligations owed to the plaintiff, all to the plaintiff's detriment."

The complaint went on to allege that the fraudulent and manipulative practices included "dealing in unsuitable securi-

ties; maintaining an excessive and imprudent margin on plaintiff's account despite instructions to the contrary; and excessive trading in or 'churning' of plaintiff's account to the extent that defendants' commissions and profits were excessive." In addition, the complaint alleged that the defendant brokerage firm was negligent in failing to supervise its registered representatives, and in hiring incompetent and unsuitable registered representatives and employees.

In dismissing the action for failure to state a claim pursuant to rule 12 (b) (6) of the Federal Rules of Civil Procedure, the United States District Court said, as here pertinent, "The amended complaint is unsatisfactory. At most it appears to set forth claims for breach of contract, *e.g.* failure to make sales when directed to do so, and breach of fiduciary duty, *e.g.* failure to return phone calls." The court went on to observe that the complaint identified no security as unsuitable, did not specify a single misleading statement or omission, and failed to document the charge of "churning".

Observing that modern courts are lax about matters of pleading, the District Court said that "there does come a time when the rules must be enforced." Concluding that the amended complaint failed to comply with rule 9 (b) of the Federal Rules of Civil Procedure in that it did not plead the fraud claimed with particularity, and there was no sufficient showing of merit to justify a further complaint, the court granted defendants' motion to dismiss and denied plaintiff's motion to amend. A final judgment referring to the court's memorandum was then entered dismissing the complaint.

The issue here presented is a variation of that addressed in a case involving comparable allegations and that resulted in three opinions, two by the New York Court of Appeals and one by the United States Court of Appeals, Second Circuit *(McLearn v Cowen & Co.,* 48 NY2d 696; 660 F2d 845; 60 NY2d 686). Analysis of these several opinions is necessary to an understanding of the issue here presented.

In the first Court of Appeals decision, a majority of the court held that plaintiff's claim was precluded by the determination adverse to her in the Federal court action. The majority memorandum said *(supra,* 48 NY2d 696, 697-698):

"If one accepts the contention now advanced by her [plaintiff] that recovery on the theory of breach of common-law fiduciary duties was not pleaded in the Federal action, it could have been. On the other hand, if one accepts the analysis of

the pleadings advanced by the dissenter, the common-law cause of action was separately pleaded in the Federal action. In any event it is not disputed that both the Federal statutory claim and the common-law claim arose out of the same series of connected transactions. The disposition of the Federal action on the merits for failure to state a cause of action extinguished all rights plaintiff may have had to remedies * * * with respect to all or any part of the series of connected transactions out of which the Federal action arose * * * This rule applies to extinguish theories of recovery not presented and remedies not demanded in the Federal action * * *

"The only basis on which the present claim would not now be precluded would be that plaintiff-appellant's present common-law claim could not have been asserted in the Federal action. Although it is conceded that the common-law cause of action could have been considered only under the pendent jurisdiction of the Federal court and that the Federal court could have declined to exercise such jurisdiction, unless it is clear that the Federal court as a matter of discretion did decline or would have declined to exercise that jurisdiction, the State action is barred * * * In the present instance, on the record in the Federal action submitted to us it is not clear that the Federal court did decline or would have declined to exercise its pendent jurisdiction."

Dissenting opinions were written by Chief Judge Cooke, joined by another Judge, and by Judge Meyer, which merit comment because they were considered by the Second Circuit in its later decision. In substance, Chief Judge Cooke contended (supra, 48 NY2d, at 699-700) that the Federal court would not exercise jurisdiction where the Federal claims are dismissed prior to trial, citing a number of Second Circuit decisions. (See, e.g., CES Publ. Corp. v St. Regis Publ., 531 F2d 11; Kavit v Stamm & Co., 491 F2d 1176; Iroquois Indus. v Syracuse China Corp., 417 F2d 963, cert denied 399 US 909.)

In a separate dissent, Judge Meyer concluded (supra, at 705) that "as a matter of Federal law the State claim could not have been dismissed on the merits by the Federal court" where the dismissal of the Federal claims was in advance of trial because the Federal court would have been lacking subject matter jurisdiction of the State claim.

Following the above decision by the Court of Appeals, the plaintiff in McLearn moved in the District Court for an order clarifying the judgment of dismissal to establish that the

dismissal of her State cause of action was not on the merits. This motion was denied by the District Court, who found no omission subject to relief and, alternatively, that the plaintiff's State law claim had been properly dismissed on the merits.

A divided panel of the Second Circuit (the dissenting Judge finding only that the relief sought by way of clarification was not procedurally available) reversed the District Court order and remanded, with directions to amend the order of dismissal to provide that it is without prejudice to the merits of any claim under State law. Although agreeing in the above-indicated conclusion, and also agreeing that the original *McLearn* Federal action set forth a State law claim, the Judges constituting the majority in the Second Circuit set forth different reasons for the conclusion reached. Judge Lumbard held *(supra,* 660 F2d, at 848) that "the district court lacked jurisdiction to dispose of the pendent state claim on the merits once it dismissed the federal claims prior to trial." Judge Lasker disagreed with the view that the District Court lacked jurisdiction to make any order about the merits of the State claim once it had dismissed the Federal claims at the pretrial state, but held (at 849) that "when a complaint containing both federal and state claims is dismissed on the pleadings it must be presumed that the district court declined to exercise its discretionary jurisdiction over pendent state law claims, absent clear indications to the contrary."

After the amendment of the Federal judgment, the Court of Appeals granted a motion for reargument and held, as here pertinent (60 NY2d 686, 688, *supra):* "Inasmuch as it has now been made clear that the Federal dismissal did not include the State law cause of action, it was error to have granted defendant Merrill Lynch's motion to dismiss on the ground of *res judicata.*"

Applying the principles set forth in the several *McLearn* opinions to the issue before us, it is clear that res judicata would not bar the instant action under the analysis set forth by Judge Lumbard, relied upon by the I.A. court, since he concluded that the Federal court would lack jurisdiction to dismiss a State claim on the merits once it had dismissed the Federal claims prior to trial. A more complicated problem is presented by the reasoning set forth in the concurring opinion of Judge Lasker. Under Judge Lasker's analysis, res judicata *once* again would be inapplicable if it were found that a common-law claim had been set forth in the Federal action in addition to the Federal claim. It would be "presumed that the

district court declined to exercise its discretionary jurisdiction over pendent state law claims, absent clear indications to the contrary." *(Supra,* 660 F2d, at 849.) As in *McLearn,* there is no such contrary indication here.

The ultimate contention of defendants here, however, is that no State claim was set forth in the Federal action and therefore the presumption advanced by Judge Lasker is here inapplicable, and that the unstated State claim is barred under the well-established transactional approach to res judicata. As to this contention, we observe that whether or not plaintiff's counsel intended to set forth a State claim in the Federal action, we think it clear that the factual allegations set forth in the amended complaint, notwithstanding their conclusory character, adequately presented a recognizable State claim, and the opinion of the District Court Judge as quoted above quite clearly recognized that aspect of the complaint.

Undeniably an element of some uncertainty is presented by the failure of the District Court Judge to specify that he was declining to exercise pendent jurisdiction over the common-law claim. It may be that the District Court Judge, although recognizing in his opinion that a common-law claim may have been stated, concluded that plaintiff's counsel had not intended to state such a claim in the Federal action. Alternatively it may be that the District Court Judge shared the view of Judge Lumbard that he lacked jurisdiction to consider the merits of the common-law claim once he had dismissed before trial the Federal cause of action for failure to state a claim. However that may be, the District Court opinion quite clearly recognized that the most substantial claim set forth was a State common-law claim, that he did not address the merits of that claim, and that he dismissed the action solely on the basis that fraud had not been alleged with the particularity required by rule 9 (b) of the Federal Rules of Civil Procedure to support the Federal cause of action.

When the District Court opinion is considered in light of the allegations of the Federal complaint, and the Second Circuit opinions in *McLearn,* we find a compelling basis for the conclusion, in accordance with the controlling standard set forth in the first Court of Appeals *McLearn* opinion *(supra,* 48 NY2d, at 698), that "it is clear that the Federal court as a matter of discretion did decline or would have declined to exercise that [pendent] jurisdiction".

Accordingly, the order of the Supreme Court, New York County (Martin B. Stecher, J.), entered April 8, 1987, which denied defendants' motion for an order pursuant to CPLR 3211 (a) (5) dismissing the action as barred by res judicata, should be affirmed, with costs.

ASCH, ROSENBERGER, ELLERIN and WALLACH, JJ., concur.

Order, Supreme Court, New York County, entered on April 8, 1987, unanimously affirmed. Respondent shall recover of appellants $75 costs and disbursements of this appeal.