TRAVELERS INDEMNITY COMPANY, Appellant, v GEORGE SARKI-
SIAN et al., Respondents.

Third Department, July 7, 1988

### APPEARANCES OF COUNSEL

*Couch & Howard, P. C. (Leslie F. Couch* of counsel), and
*Friedman, Wang & Bleiberg (Neal Brickman* of counsel), for
appellant.

*O'Connor, Gacioch & Pope (Alan J. Pope* of counsel), for
respondents.

### OPINION OF THE COURT

MERCURE, J.

Plaintiff was the surety on certain payment and perfor-

mance bonds issued on behalf of Midstate Constructors, Inc. (hereinafter Midstate), a Texas corporation that performed construction work in the southwest, particularly in Texas. Midstate defaulted on obligations to owners and contractors and has since been adjudicated bankrupt. The Texas courts rendered three judgments against Midstate totaling $3,236,588.20. Plaintiff paid these claims and received assignments of judgment. In August 1981, certain parties who had agreed to indemnify plaintiff against liabilities arising from the Midstate payment and performance bonds commenced an action in Supreme Court (hereinafter the State court action) to have the indemnity agreement declared void. Plaintiff responded by commencing an action based on diversity jurisdiction in the United States District Court for the Northern District of New York (hereinafter District Court). Subsequently, the State court action was removed to District Court and the actions were consolidated (hereinafter the consolidated actions).

In August 1983, plaintiff commenced another action in District Court, seeking relief under the Racketeer Influenced and Corrupt Organizations Act (18 USC § 1961 *et seq.)* (hereinafter the RICO action), against some but not all of the defendants it had sued in the consolidated actions. District Court dismissed the complaint in the RICO action, with prejudice, for failure to allege a prior criminal conviction of the defendants on the authority of *Sedima, S.P.R.L. v Imrex Co.* (741 F2d 482, *revd* 473 US 479) and the United States Court of Appeals for the Second Circuit affirmed. Plaintiff did not petition for certiorari. After the Supreme Court reversed *Sedima, S.P.R.L. v Imrex Co. (supra),* plaintiff moved in District Court for relief from the judgment. Plaintiff's motion was denied.

In August 1985, plaintiff commenced the instant action in Supreme Court. Plaintiff seeks to hold defendants liable on theories of fraudulent conveyance, piercing the corporate veil, unlawful payment of dividends and unlawful salary payments. Defendants had the action removed to District Court on the theory that plaintiff's State law claims were in substance RICO claims, artfully pleaded. District Court refused to grant plaintiff's motion to remand the case to State court and granted defendants' motion for summary judgment. On appeal, the Second Circuit held that plaintiff's State law claims were not Federal claims under the doctrine of artful pleading and ordered the action remanded to State court (794 F2d 754).

Upon remand, defendants moved to dismiss the complaint on the ground, *inter alia,* that plaintiff's causes of action were barred by res judicata. Supreme Court granted the motion. Supreme Court determined that the RICO action was resolved in favor of defendants, that the predicate for relief in the instant action is "sufficiently similar" to that of the RICO action, and that it could have, and indeed should have, been raised therein.

The dispositive issue, not raised by either party or considered by Supreme Court, is whether the doctrine of res judicata applies with respect to a subsequent State complaint when an action containing both Federal and State claims was previously commenced in District Court and was dismissed on the pleadings without indication that District Court exercised its discretionary jurisdiction over the State claims. The issue was previously addressed by the New York Court of Appeals and the Second Circuit *(see, McLearn v Cowen & Co.,* 660 F2d 845; *McLearn v Cowen & Co.,* 48 NY2d 696, *on rearg* 60 NY2d 686), with a determination that res judicata does not bar the subsequent State claim.

For that reason, we conclude that the doctrine of res judicata is inapplicable to bar the claims asserted in this case. Notwithstanding defendants' argument that the claim is predicated on the same facts which underlie the Federal action and, therefore, constitutes the same cause of action for purposes of res judicata, it is nonetheless clear that no decision relative to the merits of the State action was ever rendered in District Court, nor was jurisdiction ever assumed. Since the improprieties alleged in the State action, in addition to others, provided the basis for the RICO action, District Court had pendent* jurisdiction to decide the State claims asserted in this action *(see, Travelers Indem. Co. v Sarkisian,* 794 F2d 754, 760-761, *cert denied* 479 US 885, 107 S Ct 277). District Court, however, dismissed the RICO action before the case went to trial. Under such circumstances, res judicata does not operate to bar the assertion of the pendent State law claim in a later action or proceeding *(see, Evans v Rothschild, Unterberg, Towbin,* 131 AD2d 278; *see also, McLearn v Cowen & Co.,* 660 F2d 845, *supra; McLearn v Cowen & Co.,* 60 NY2d 686, *supra).*

---

* "The history of pendent jurisdiction * * * is long and complex. Its roots go back to *Osborn* v. *Bank of the United States,* 9 Wheat. 738 (1824), where the Court said that the jurisdiction of the federal courts extended not only to federal issues themselves but also to nonfederal issues essential to the settlement of the federal claim" *(Hagans v Lavine,* 415 US 528, 554).

When it is made clear that the Federal dismissal does not include the State cause of action, res judicata does not apply *(see, McLearn v Cowen & Co.,* 60 NY2d 686, 688, *supra).* Even when a plaintiff has not moved in the District Court for an order clarifying the judgment of dismissal to establish that the dismissal of a State cause of action was not on the merits, res judicata, once again, would be inapplicable because "when a complaint containing both federal and state claims is dismissed on the pleadings it must be presumed that the district court declined to exercise its discretionary jurisdiction over pendent state law claims, absent clear indications to the contrary" *(McLearn v Cowen & Co.,* 660 F2d 845, 849 [Lasker, J., concurring], *supra).* The observations of the Second Department in *Salwen Paper Co. v Merrill Lynch, Pierce, Fenner & Smith* (72 AD2d 385, 391) are worth reiterating here: "As a formulation of judicial policy, it is of course desirable that matters once decided should not be the subject of further litigation. It is equally a formulation of judicial policy that litigants should be entitled to present their claims in a forum having jurisdiction and obtain a decision relative to the merits of the claims. A reconciliation of both policies can be made in this case by separating what in truth was decided in the prior litigation from what was not. Matters excluded from consideration in a prior suit cannot be removed from a later suit under the doctrine of *res judicata* * * * The application of *res judicata* vis-à-vis the discretionary exercise of Federal pendent jurisdiction presents complex analytical problems * * * however * * * the Federal courts did not exercise pendent jurisdiction over the claims now asserted by the plaintiff, and the plaintiff should have the opportunity to litigate those claims in the State courts."

Since there is no clear basis for concluding that the District Court intended to dismiss the State claims on the merits here, plaintiff's action is not barred by the doctrine of res judicata.

KANE, J. P., MIKOLL, YESAWICH, JR., and HARVEY, JJ., concur.

Order reversed, on the law, with costs, and motion denied.