■ PETRA PORRAS, Respondent-Appellant, v MONTEFIORE MEDICAL CENTER et al., Appellants-Respondents.—Order, Supreme Court, Bronx County (Bertram Katz, J.), entered September 19, 1991, which, *inter alia,* granted the defendants' motion for summary judgment dismissing the first and second causes of action and denied the defendants' motion to dismiss and/or for summary judgment dismissing the third and fourth causes of action, unanimously modified, on the law, to grant the defendants' motion to dismiss the third and fourth causes of action, and otherwise affirmed, without costs.

The plaintiff, a former Unit Chief for the Mental Health Services Clinic operated by the defendant Montefiore Medical Center at Rikers Island, instituted this action against Montefiore and her former supervisor, Dr. Michael Scimeca, seeking damages and injunctive relief for assault, sex discrimination and sexual harassment, wrongful termination and for failure to abide by Montefiore's Personnel Manual. The plaintiff was hired in January of 1985 for an indefinite period. A few days after she began her employment, she received a copy of Montefiore's Personnel Policies & Procedure Manual.

The plaintiff alleged that she was fired in the spring of 1988 because of sex discrimination and because she had attempted to report police brutality cases to the authorities, thereby jeopardizing Montefiore's lucrative contract with the City. The defendants maintained that she was dismissed because of incompetence and because she secretly tape recorded a conversation with Scimeca.

The plaintiff first filed a charge of discrimination with the Equal Employment Opportunity Commission which found no probable cause. She then sued the defendants in Federal court. The defendants' motion for summary judgment on Federal sex discrimination claims was granted, with the court declining to exercise jurisdiction over the State claims *(Porras v Montefiore Med. Ctr.,* 742 F Supp 120). The plaintiff then commenced the instant action and the defendants moved to dismiss or, in the alternative, for summary judgment. The Supreme Court granted the defendants' motion for summary

judgment as to the first two causes of action but denied their motion to dismiss the third and fourth causes of action.

We find that the Supreme Court properly granted the defendants' motion for summary judgment on the first two causes of action alleging assault, sex discrimination, and sexual harassment. However, it was error to sustain the causes of action based on Montefiore's Personnel Manual and grievance procedure.

The Supreme Court properly determined that the first cause of action alleging assault is time-barred. While causes of action for assault must be brought within one year of accrual (CPLR 215 [3]), pursuant to CPLR 203 (b) (5) (i), the statute may be tolled for an additional sixty days if, prior to the expiration of the period of limitation, the plaintiff files the summons with the Clerk of the County in which the defendant is located. The defendant must then be served with the summons within the sixty day toll. Although the Federal summons was timely served upon the defendants and the State summons was filed with the County Clerk, the plaintiff failed to serve the State summons on the defendants within the sixty day period. Accordingly, the assault cause of action is time-barred.

The plaintiff's second cause of action alleging sex discrimination and sexual harassment was also properly dismissed. Although res judicata will not make a Federal Title VII adjudication binding on an Executive Law § 296 claim that the Federal court has expressly preserved (Lamontagne v Board of Trustees, 183 AD2d 424), collateral estoppel precludes relitigation of the merits of the claim asserted herein since they were decided by the Federal court after the plaintiff had a full and fair opportunity to litigate (supra). The plaintiff is therefore precluded from relitigating the issue of whether or not the defendants' actions against her were the result of discrimination.

In her third cause of action, the plaintiff alleged that she was fired without just cause and in violation of the defendants' personnel policy. The fourth cause of action alleged that the defendants failed to comply with the terms and conditions of the Personnel Manual, specifically with regard to Montefiore's grievance procedure. It was error to deny the defendants' motion to dismiss these causes of action.

Generally, absent an agreement setting forth a fixed duration of employment, the employment is presumed to be a hiring at will terminable at any time by either party (Sabetay

*v Sterling Drug,* 69 NY2d 329). However, an action to recover damages for breach of contract may be maintained if the employee demonstrates that (1) he was induced to leave his prior employment by the assurance that his new employer would not discharge him without cause, (2) this assurance was incorporated into the employment application, (3) he rejected other offers of employment in reliance on the assurance and (4) the handbook or manual contained a provision that employees would be discharged only for just cause and such provision was strictly enforced *(Weiner v McGraw-Hill, Inc.,* 57 NY2d 458; *D'Avino v Trachtenburg,* 149 AD2d 401, *lv denied* 74 NY2d 611).

The plaintiff has failed to demonstrate that she falls within the exception created by *Weiner v McGraw-Hill, Inc. (supra).* There is nothing in the record to suggest that the plaintiff was induced to leave her previous employment by promises that she would only be fired by Montefiore for just cause nor was such assurance incorporated into any employment application. In fact, the plaintiff did not have a written contract of employment with Montefiore and only saw the Personnel Manual after she began working at Rikers Island *(see, Rizzo v International Bhd. of Teamsters,* 109 AD2d 639). The plaintiff further failed to allege that she rejected other offers of employment in reliance on any assurance that she would not be discharged except for cause. Accordingly, it was error to deny the defendants' motion to dismiss the third cause of action.

The plaintiff's cause of action based on Montefiore's purported noncompliance with its grievance procedure must also be dismissed. The mere existence of a policy manual or an internal grievance procedure is insufficient to limit an employer's right to terminate an at-will employee *(Matter of Fiammetta v St. Francis Hosp.,* 168 AD2d 556). The existence of a grievance procedure is but one of the elements which must be satisfied for a breach of contract cause of action to be sustained *(Weiner v McGraw-Hill, Inc., supra).* As previously noted, the plaintiff has failed to satisfy the remaining prongs of the *Weiner v McGraw-Hill* test. Moreover, there is no implied obligation of good faith and fair dealing in an employment at will *(Ingle v Glamore Motor Sales,* 73 NY2d 183; *Sabetay v Sterling Drug, supra).* Therefore, it was error to deny the defendants' motion to dismiss the fourth cause of action.

We have considered the parties' remaining contentions and find them to be without merit. Concur—Sullivan, J. P., Rosenberger, Asch, Kassal and Rubin, JJ.