■ JANET L. ZAPATA, Individually and as Administratrix of the Estate of BRYAN ZAPATA, SR., Appellant, v TOWN OF HUNTINGTON et al., Respondents. [598 NYS2d 19] —In an action, inter alia, to recover for the wrongful death of the plaintiff's decedent, the plaintiff appeals from a judgment of the Supreme Court, Suffolk County (Brown, J.), entered June 26, 1990, which, inter alia, (1) denied her motion to strike the third affirmative defense of the individual defendants and the third affirmative defense of the defendant Town of Huntington, and (2) granted the defendants' motion for summary judgment dismissing the complaint.

Ordered that the judgment is affirmed, with costs.

The plaintiff's decedent, Bryan Zapata, drowned in the pond located in Heckscher Park. Prior to his death, the decedent and his friends were drinking beer in the park. When the defendant Robert Cotter, a security guard employed by the Town of Huntington, approached the group in his vehicle, the group dispersed. Subsequently, the defendant Mary Weldon, also a security officer, arrived to assist Cotter in clearing the park for closing. As Weldon drove through the park, her vehicle lights illuminated the decedent hiding behind some bushes. According to Cotter, he approached the decedent on foot, but as he neared the decedent, the decedent ran away. Thereafter, Weldon saw the decedent jump into the pond. The

decedent swam to one of the islands in the pond and refused to swim to the shore. The decedent then reentered the water and subsequently drowned.

The plaintiff commenced an action in Federal court asserting a Civil Rights Act claim pursuant to 42 USC § 1983 and pendent State claims. The plaintiff's complaint alleged that the individual defendants, while acting under the color of law, had physically assaulted the decedent and caused or contributed to his death. The Federal court granted the defendants' motion for summary judgment, dismissed the civil rights claim on the merits, and dismissed the State claims for lack of jurisdiction. The Federal court determined that there was no evidence that anyone had assaulted the decedent.

The plaintiff then commenced the instant action. In her complaint she again alleged that the individual defendants had physically assaulted the decedent and had caused his death. The defendants' answer denied the plaintiff's allegations and set forth, *inter alia,* the affirmative defenses of res judicata and collateral estoppel. The plaintiff moved to strike a number of the defendants' affirmative defenses and the defendants cross-moved for summary judgment.

We find that the plaintiff had a full and fair opportunity to litigate in the Federal court whether the defendants physically assaulted the decedent. Accordingly, the plaintiff is precluded from relitigating this issue in the present action under the principles of collateral estoppel *(see, Porras v Montefiore Med. Ctr.,* 185 AD2d 784, 785; *Lamontagne v Board of Trustees,* 183 AD2d 424, 426-427). Therefore, the Supreme Court properly dismissed the plaintiff's complaint. Thompson, J. P., Eiber, Ritter and Joy, JJ., concur.