■ BROWNING AVENUE REALTY CORP., on Behalf of Itself and CROSS COUNTY SQUARE ASSOCIATES, a Joint Venture, Respondent, v IRA RUBIN et al., Appellants. [615 NYS2d 360] —Order, Supreme Court, New York County (Angela Mazzarelli, J.), entered November 3, 1993, which denied the defendants' motion and cross motion for dismissal of the complaint or, alternatively, for summary judgment and denied the Wilner defendants' motion for sanctions, unanimously modified, on the law, to grant the motion and cross motion to dismiss the complaint, the complaint is dismissed, and otherwise affirmed, without costs.

On May 8, 1984, the plaintiff entered into a joint venture agreement with the non-party defendant Bernard Rosenshein, a now bankrupt developer, for the purpose of constructing a shopping center. In 1987, Rosenshein informed the plaintiff that the cost of the project exceeded the original construction budget of $25,000,000 by 50 percent and requested that it pay one-half of the cost of the shopping center in excess of the permanent financing. The plaintiff rejected this capital call and was denied participation in the completed project.

The plaintiff maintained, *inter alia,* that the representations of Rosenshein were false when made since he never intended to complete the project for $25 million. The defendants Ira Rubin and Glickman, Rubin & Gaft were Rosenshein's accountants on the project. The defendants Alfred Wilner and Alfred Wilner, Inc. were retained by the mortgagee, European American Bank, to serve as inspecting engineers, who were to conduct monthly inspections of the site and issue reports. The plaintiff contended that the defendants aided and abetted Rosenshein in committing the fraud.

The plaintiff initially instituted an action in State court but, after serving a second amended complaint containing Federal

Racketeer Influenced and Corrupt Organizations Act claims (RICO; 18 USC § 1961 *et seq.),* the action was removed to Federal court.

Judge Robert Sweet, in *Browning Ave. Realty Corp. v Rosenshein* (774 F Supp 129), dismissed the complaint on the ground that it failed to state a RICO claim against either the Rubin or Wilner defendants and failed to satisfy the particularity requirements for pleading fraud pursuant to Federal Rules of Civil Procedure, rule 9 (b). The plaintiff then moved for leave to amend the second amended complaint and submitted a proposed third amended complaint. Judge Sweet converted the motion to one to vacate the summary judgment order and denied the motion. The plaintiff then commenced the instant proceeding alleging, *inter alia,* common law fraud and breach of fiduciary duties. Although the complaint does not set forth a RICO claim, the pleadings are virtually identical to those contained in the Federal complaints. Judge Charles Haight denied a removal petition noting that the prior Federal proceedings before Judge Sweet "may give rise to defenses based upon res judicata or collateral estoppel, issues upon which I express no view".

The defendants moved to dismiss the instant complaint pursuant to CPLR 3211 (a) (5) or, alternatively, pursuant to CPLR 3212 on the ground that the action is barred by res judicata. The Wilner defendants also sought sanctions pursuant to CPLR 8303-a. The Supreme Court denied the motion and cross motion to dismiss the complaint on the ground of res judicata and the alternative request for summary judgment, with leave to renew. The court found that the Federal court's dismissals applied only to the plaintiff's RICO claim and not to its common law fraud claim. The Wilner defendants' request for sanctions was also denied.

We agree with the Supreme Court that the plaintiff's claims are not barred by res judicata. Pursuant to the transactional analysis approach, which this State has adopted in deciding res judicata issues, "once a claim is brought to a final conclusion, all other claims arising out of the same transaction or series of transactions are barred, even if based upon different theories or if seeking a different remedy" *(O'Brien v City of Syracuse,* 54 NY2d 353, 357; *see also, Matter of Reilly v Reid,* 45 NY2d 24). The doctrine bars not only claims that were actually litigated but also claims that could have been litigated *(Nottenberg v Walber 985 Co.,* 160 AD2d 574, 575). The previous disposition must have been on the merits and the party opposing preclusion must have had a full and fair

opportunity to litigate this claim in the prior proceeding *(see, Schwartz v Public Adm'r of County of Bronx,* 24 NY2d 65; *Murray v National Broadcasting Co.,* 178 AD2d 157, *appeal dismissed* 79 NY2d 1036; *Brugman v City of New York,* 102 AD2d 413, *affd* 64 NY2d 1011).

While res judicata effect is given to judgments on the merits rendered by Federal courts *(see, Murray v National Broadcasting Co., supra),* res judicata will not bar a State action where it is clear that the pretrial dismissal of the Federal cause of action did not include adjudication of a pendent State claim on its merits *(McLearn v Cowen & Co.,* 660 F2d 845; *McLearn v Cowen & Co.,* 60 NY2d 686; *Lamontagne v Board of Trustees,* 183 AD2d 424, 425, *lv denied* 80 NY2d 759). "[W]hether this is because the Federal court lacks jurisdiction over pendent State claims once it dismisses a Federal claim prior to trial *(see, McLearn v Cowen & Co.,* 660 F2d 845, 848), or because the Federal court is presumed to have declined to exercise its discretionary pendent jurisdiction over the State law claims *(supra,* at 851 [Lasker, J., concurring]), the result is the same as long as there is no clear indication by the Federal court that there was a dismissal of the State claim on the merits *(Evans v Rothschild, Unterberg, Towbin,* 131 AD2d 278, 282-283). The rule in New York is that a dismissal of a pendent State action by a Federal court is presumed to be not on the merits absent a clear indication to the contrary *(see, e.g., Creative Bath Prods. v Connecticut Gen. Life Ins. Co.,* 173 AD2d 400)" *(Lamontagne v Board of Trustees, supra,* at 425-426).

The instant action is not barred by res judicata since jurisdiction was never assumed by the Federal court over the State claims *(see, Creative Bath Prods. v Connecticut Gen. Life Ins. Co.,* 173 AD2d 400, *supra, lv denied* 79 NY2d 751; *Travelers Indem. Co. v Sarkisian,* 139 AD2d 27, 29). The doctrine will not bar the assertion of the pendent State law claims in this later action *(McLearn v Cowen & Co., supra; Lamontagne v Board of Trustees, supra; Evans v Rothschild, Unterberg, Towbin, supra).* The State claims were available in the Federal court only through pendent jurisdiction. Where the Federal court disposed of the case purely on Federal grounds, the Federal court necessarily "declined to exercise jurisdiction over any accompanying claim based exclusively on State law, and * * * dismissed that claim without prejudice to its prosecution in the State courts" *(Capital Tel. Co. v New York Tel. Co.,* 146 AD2d 312, 316, citing *McLearn v Cowen & Co., supra; Travelers Indem. Co. v Sarkisian, supra).*

We agree with the defendants, however, that the complaint must be dismissed on collateral estoppel grounds. In order to invoke the doctrine of collateral estoppel, there must be an identity of issue which was necessarily decided in the prior action and which is decisive of the present action and there must have been a full and fair opportunity to contest the prior determination (Schwartz v Public Adm'r of County of Bronx, 24 NY2d, supra, at 71). "The party seeking the benefit of collateral estoppel has the burden of demonstrating the identity of the issues in the present litigation and the prior determination, whereas the party attempting to defeat its application has the burden of establishing the absence of a full and fair opportunity to litigate the issue in the prior action" (Kaufman v Eli Lilly & Co., 65 NY2d 449, 456; see also, Ryan v New York Tel. Co., 62 NY2d 494, 501; Schwartz v Public Adm'r of County of Bronx, supra, at 73).

Where, as here, the parties in the State and Federal proceedings are identical and where the merits of the plaintiff's claims were decided by the Federal court after the plaintiff was afforded a full and fair opportunity to litigate, collateral estoppel precludes relitigation of the claims (see, Porras v Montefiore Med. Ctr., 185 AD2d 784, 785, lv denied 81 NY2d 704; Lamontagne v Board of Trustees, supra).

The second and proposed third amended complaints contained all the allegations at issue in the instant proceeding. The plaintiff's RICO claim alleged mail and wire fraud. In order to satisfy the fraudulent scheme requirement, which formed the predicate for the acts of mail and wire fraud, the plaintiff had to allege the manner in which the purported misrepresentations were fraudulent and further, had to establish fraudulent intent (see, Beck v Manufacturers Hanover Trust Co., 820 F2d 46, 50-51, cert denied 484 US 1005; see also, Anitora Travel v Lapian, 677 F Supp 209, 214). To establish its common law cause of action for fraud, the plaintiff had to demonstrate that the defendants knowingly uttered a falsehood intending to deprive the plaintiff of a benefit and that the plaintiff was thereby deceived and damaged (Channel Master Corp. v Aluminium Ltd. Sales, 4 NY2d 403, 406-407). The essential elements are the representation of a material existing fact, falsity, scienter, deception and injury (supra, at 407).

While a Federal RICO claim contains elements which are not required to establish a common law fraud claim, a cause of action for the violation of Federal mail fraud statutes is broader than a common law fraud claim (see, Atlas Pile

*Driving Co. v DiCon Fin. Co.,* 886 F2d 986, 991; *United States v Stewart,* 872 F2d 957, 960-961). In any event, Federal fraud pleading requirements are similar to CPLR requirements for pleading fraud at common law *(see, Stevens v Equidyne Extractive Indus.,* 694 F Supp 1057, 1061; *Gorman v Gorman,* 88 AD2d 677, 678). Both State and Federal law require that the elements of fraud be pleaded with particularity *(see, Center Cadillac v Bank Leumi Trust Co.,* 808 F Supp 213; *Firestone v Galbreath,* 747 F Supp 1556, *affd in part* 976 F2d 279; *Greschler v Greschler,* 51 NY2d 368, 375).

The Federal court found that the pleadings therein, which were virtually identical to those in the instant proceeding, lacked particularity with regard to the role purportedly played by the Wilner defendants in falsifying reports. Similarly, the plaintiff's pleadings with regard to their contention that the defendants aided and abetted the tortious actions of Rosenshein, failed to contain a particularized account that the defendants knew that they were participating in a breach of the main tortfeasors' duty to the plaintiff *(see, H20 Swimwear v Lomas,* 164 AD2d 804, 807; *Brandon v Chefetz,* 106 AD2d 162, 167). Like the Federal pleadings, the State pleadings fail for containing only conclusory allegations that the defendants intentionally aided Rosenshein in a fraud.

Although the third amended complaint as well as the instant pleadings contained more specificity than the second amended complaint with respect to the allegations against the Rubin defendants, they still lacked the required specificity as to essential elements. The plaintiff failed to identify any misrepresentations made to it, failed to allege facts to support its conclusory assertion that the Rubin defendants knew or were reckless in knowing that Rosenshein was giving it false information, and failed to allege particular facts establishing a fiduciary relationship between itself and the Rubin defendants. Because Judge Sweet specifically resolved the issues raised in the instant pleadings, the complaint may properly be dismissed since the plaintiff had a full and fair opportunity to litigate its claims *(Lamontagne v Board of Trustees, supra).*

The Supreme Court properly denied the Wilner defendants' motion for CPLR 8303-a sanctions. The pleadings were not frivolous. Moreover, these sanctions are only available in a personal injury, property damage or wrongful death action *(see, Eight Tobey Rd. Corp. v Markesteyn* [appeal No. 2], 198 AD2d 865, 866; *Carver v Apple Rubber Prods. Corp.,* 163 AD2d 849, 850). Concur—Rosenberger, J. P., Ellerin, Kupferman, Ross and Rubin, JJ.