■ Facundo, S. A., Plaintiff, v Alan Pressman, Defendant and Third-Party Plaintiff-Appellant. Olimpia P. Tejera, Third-Party Defendant-Respondent. [649 NYS2d 133] —Order, Supreme Court, New York County (Joan Lobis, J.), entered May 22, 1995, which denied defendant and third-party plaintiff's motion for an attachment of the assets of the third-party defendant, and order of the same court and Justice, entered January 22, 1996, which, inter alia, denied defendant and third-party plaintiff's motion for dismissal of the complaint, and granted the third-party defendant's cross motion to dismiss the third-party complaint, unanimously affirmed, with one bill of costs.

The IAS Court properly dismissed the third-party complaint for failure to state a cause of action (CPLR 3211 [a] [7]; Underpinning & Found. Constructors v Chase Manhattan Bank, 46 NY2d 459, 462). The cause of action seeking contribution was properly dismissed since third-party plaintiff failed to establish that the third-party defendant owed him or plaintiff corporation a duty to agree to his proposed escrow arrangement. Although a previous court order suggested that the parties interested in the bonds in question reach such an agreement, the order did not require anyone, particularly the current third-party defendant who was not then a party, to submit to terms that were not mutually acceptable. Since defendant and third-party plaintiff bore a responsibility for ensuring that the bonds were properly redeemed, in that he had sole possession of them, the cause of action seeking indemnification was also properly dismissed (see, Trustees of Columbia Univ. v Mitchell/ Giurgola Assocs., 109 AD2d 449, 453-454).

It was an appropriate exercise of discretion to deny defendant and third-party plaintiff's motion for an attachment since he failed to demonstrate that he would succeed on the merits of his contribution and indemnification claims (CPLR 6201, 6212 [a]; Faberge Intl. v Di Pino, 109 AD2d 235, 239).

Defendant and third-party plaintiff's motion to dismiss the complaint for failure to state a cause of action was also properly denied since the same motion was previously made and denied by another Justice of the Supreme Court. Not only did defendant and third-party plaintiff fail to submit any new evidence or to cite to any change in the law (see, Weiss v Flushing Natl. Bank, 176 AD2d 797), but the motion was also barred by CPLR 3211 (e) (see, McLearn v Cowen & Co., 60 NY2d 686). Concur—Sullivan, J. P., Ellerin, Ross and Tom, JJ.