■ NORMAN SEABROOK, Appellant, v CITY OF NEW YORK et al., Respondents. [763 NYS2d 242] —Order, Supreme Court, New York County (Michael Stallman, J.), entered June 10, 2002, which, in an action seeking declaratory relief, inter alia, granted defendant's motion for summary judgment dismissing the complaint, unanimously modified, on the law, to declare in defendants' favor that Department of Correction Directive 2258R-A is valid to the extent challenged, and otherwise affirmed, without costs.

The motion court properly reached the merits of the complaint since defendants failed to meet their burden of proving entitlement to dismissal based on the doctrine of res judicata. A stipulation discontinuing with prejudice a federal action which had been instituted by plaintiff's predecessor union president raising only a constitutional challenge to a predecessor directive did not bar plaintiff's instant state statutory claims (*see Lamontagne v Board of Trustees of United Wire, Metal & Mach. Pension Fund*, 183 AD2d 424 [1992], *lv denied* 80 NY2d 759 [1992]).

On the merits, however, the IAS court properly dismissed the complaint alleging that respondent Department of Correction's Directive 2258R-A violated New York Civil Service Law § 75. The motion court properly held that the denial or revocation of the discretionary benefits and privileges set forth in Directive 2258R-A did not implicate the protections afforded a civil service employee under Civil Service Law § 75 (*see Matter of Galatti v County of Dutchess*, 64 NY2d 1163 [1985]).

We modify only to declare in defendants' favor (*see Lanza v Wagner*, 11 NY2d 317, 334 [1962], *appeal dismissed* 371 US 74 [1962], *cert denied* 371 US 901 [1962]). Concur—Buckley, P.J., Mazzarelli, Rosenberger, Friedman and Marlow, JJ.