■ Mara Kirsh et al., Appellants, v City of New York et al., Respondents, et al., Defendants. [768 NYS2d 819]—

Appeal from order, Supreme Court, New York County (Joan Madden, J.), entered July 17, 2000, inter alia, granting defendants-respondents' motion pursuant to CPLR 3211 (a) (5) and (7) to dismiss the complaint as against them, is, as limited by the brief, deemed taken from the ensuing judgment of the same court and Justice, entered May 7, 2002, insofar as it dismissed plaintiffs' fourth and fifth causes of action, and, as so considered, that part of the judgment is unanimously affirmed, without costs. Appeal from the July 17, 2000 order unanimously dismissed, without costs, as subsumed in the appeal from the judgment.

The issues raised by plaintiffs in their fourth cause of ac-

tion—alleging that defendants-respondents breached their fiduciary obligation by failing to return plaintiffs' property and by failing to turn over to plaintiffs surplus income generated by their building during the period of RPAPL article 7-A administration—and in their fifth cause of action—alleging that the article 7-A administrators mismanaged the building and that defendants-respondents breached their duty to supervise the administrators—were raised and decided in the prior federal action, *Kirsh v City of New York* (1997 WL 375684, 1997 US Dist LEXIS 9659 [SD NY, July 7, 1997], *affd* 159 F3d 1347 [2d Cir 1998]). Inasmuch as plaintiffs had a full and fair opportunity to litigate these issues in the federal action, they are collaterally estopped from relitigating the issues in this action (*see Pinnacle Consultants v Leucadia Natl. Corp.*, 94 NY2d 426, 431-432 [2000]; *Browning Ave. Realty Corp. v Rubin*, 207 AD2d 263, 265-266 [1994], *lv denied* 85 NY2d 804 [1995]).

Although plaintiffs allude to a claim against defendants-respondents alleging that they violated a 1991 Civil Court order directing the payment of sufficient property taxes on the subject building to avoid foreclosure, no such claim is alleged in the complaint. We note, in any event, that the property taxes owing at the time of the 1991 order were, in fact, paid to the extent necessary to avoid foreclosure, and that the existence of any continuing obligation on defendants-respondents' part to see that property taxes were paid would not stem from the 1991 order but would necessarily be premised upon the theory, decisively rejected in the federal action, that defendants-respondents were legally answerable for mismanagement by the article 7-A administrators. Concur—Buckley, P.J., Andrias, Sullivan, Friedman and Gonzalez, JJ.