*578 OPINION OF THE COURT
Arthur M. Schack, J.
Defendant Nydia Rodriguez, in this action by plaintiff Juanita Ghee for alleged employment discrimination, sexual harassment, battery, and related causes of action for damages emanating from the above allegations, moves pursuant to CPLR 3211 (a) (7), to dismiss the first seven of the eight causes of action in plaintiffs complaint for failure to state a cause of action.
Plaintiff correctly opposes this motion. The instant motion must be denied because it violates what Professor David Siegel, in New York Practice § 273 (at 454-455 [4th ed]) and Practice Commentaries (McKinney’s Cons Laws of NY, Book 7B, CPLR C3211:55), calls the “Single Motion Rule.”
Background
According to the complaint (exhibit A of motion), plaintiff started working at a Manhattan branch of Washington Mutual Bank in April 2004. Defendant Rodriguez was plaintiff’s supervisor. The summons and complaint, both dated January 24, 2005, were filed with the Kings County Clerk on January 26, 2005. Defendant Rodriguez was ultimately served in North Miami, Florida, in April 2005. Defendant Rodriguez moved, pursuant to CPLR 3211 (a) (8), to dismiss the complaint against her for failure of the plaintiff to have jurisdiction over her person. In my March 20, 2006 decision and order with respect to defendant Rodriguez’s prior CPLR 3211 (a) (8) motion (11 Misc 3d 1066[A], 2006 NY Slip Op 50398[U] [2006]), I denied the motion to dismiss, holding (at *5), that
“the substituted service on defendant Rodriguez, in Florida, on April 9, 2005, complied with the statutory requirements of CPLR § 308 (4) for ‘due diligence.’ The plaintiff properly served defendant Rodriguez within 120 days of the filing of the summons and complaint, pursuant to CPLR § 306 (b). Therefore, in the instant action, the Court has personal jurisdiction of defendant Rodriguez.”
Subsequent to my denial of defendant Rodriguez’s CPLR 3211 (a) (8) motion to dismiss, on May 11, 2006, defendant Rodriguez made the instant motion, her second preanswer motion to dismiss, pursuant to CPLR 3211 (a) (7), for plaintiffs failure to state a cause of action. It should be noted that defendant Rodriguez’s first motion to dismiss, for lack of jurisdiction, never sought as an additional form of relief, in the alternative, dismissal for plaintiffs failure to state a cause of action.
*579 CPLR 3211 (e) states, in relevant part: “(e) Number, time and waiver of objections; motion to plead over. At any time before service of the responsive pleading is required, a party may move on one or more of the grounds set forth in subdivision (a), and no more than one such motion shall be permitted.” (Emphasis added.) There are some limited exceptions to the general “single motion rule” for CPLR 3211 (a) motions, but the instant motion, as will be discussed, does not fall under any of these exceptions. The court has no choice but to dismiss the instant motion for its violation of CPLR 3211 (e) and the “single motion rule.”
Discussion
In discussing the rationale for the “single motion rule” to dismiss causes of action, Professor Siegel, in Practice Commentaries (McKinney’s Cons Laws of NY, Book 7B, CPLR C3211:55), observed that:
“There is no limitation stated on the number of motions that can be made to dismiss defenses under CPLR 3211(b). But it is provided that there shall be but one motion to dismiss a cause of action under subdivision (a). And if there are several causes of action stated, this provision means that the movant must gather together all of his subdivision (a) objections, or such of them as he wants to take by motion, for use on that single CPLR 3211 opportunity.
“This requirement has both procedural and administrative missions. It is designed to protect the pleader from being harassed by repeated CPLR 3211(a) motions and to spare the court’s motion calendars the burden of a CPLR 3211 motion more than once in the same case.” (Emphasis added.)
Defendant Rodriguez’s counsel (at 8 of his reply mem of law), makes a disingenuous and unmerited claim, that a second CPLR 3211 (a) motion is permissible under paragraph (7). Counsel states, “Siegel’s New York Practice notes that: ‘It has been held, that a second motion is permissible if based on paragraph 7 (insufficiency of the claim).’ Siegel, New York Practice Section 273 (4th Ed.).” Counsel conveniently neglected to quote the rest of the sentence. That sentence, in its entirety, states: “It has been held, however, that a second motion is permissible if based on paragraph 7 (insufficiency of the claim), but the Court of Appeals seemed to assume otherwise in McLearn v. Cowen & Co.” (Siegel, NY Prac § 273, at 454 [4th ed] [emphasis added]).
McLearn v Cowen & Co. (60 NY2d 686 [1983]) held differently with respect to the number of CPLR 3211 (a) motions to *580 dismiss allowed, than the court in Higby Enters. v City of Utica (54 Misc 2d 405 [Sup Ct, Oneida County 1967], affd 30 AD2d 1052 [4th Dept 1968]). Higby is the case referred to above by defendant Rodriguez’s counsel in Siegel’s New York Practice and relied upon by defendant Rodriguez in the instant motion. However, the McLearn court upheld the “single motion rule.” (See Ancrum v St. Barnabas Hosp., 301 AD2d 474 [1st Dept 2003]; Facundo, S.A. v Pressman, 233 AD2d 117 [1st Dept 1996].)
In Held v Kaufman (91 NY2d 425 [1998]), the Court observed that an additional CPLR 3211 (a) motion may be made if a defendant’s reply papers raise additional defenses. This has not occurred in the instant matter. The Court (at 430) observed, “The purpose of CPLR 3211 (e) is to ‘prevent the delay before answer that could result from a series of motions’ (Advisory Committee Notes following CPLR 3211, reprinted in NY Cons Law Serv, Book 4H, at 308 [1994]).” In Klein v Gutman (12 AD3d 417 [2d Dept 2004]), a shareholder derivative action for fraud and breach of fiduciary duty, defendants Singer and Gut-man made a third motion to dismiss the complaint. The Appellate Division affirmed Supreme Court, Kings County’s denial of defendants’ motion to dismiss, inter alia, for violation of the “single motion rule.” The Court held (at 420):
“Singer and Central’s third motion to dismiss was properly denied by the Supreme Court not because the initial motion was withdrawn, but pursuant to the single-motion rule of CPLR 3211 (e). CPLR 3211 (e) permits only one preanswer motion and precludes successive motions (see Held v Kaufman, 91 NY2d 425 [1998]; Miller v Schreyer, 257 AD2d 358 [1999]). Here, the third motion to dismiss made by Singer and Central violated both the letter and the spirit of the single motion rule articulated by CPLR 3211 (e).”
If the instant matter is not resolved, defendant Rodriguez, may, after joinder of issue, seek summary judgment, pursuant to CPLR 3212. (See Ancrum v St. Barnabas Hosp., supra; Miller v Schreyer, supra; Rich v Lefkovits, 56 NY2d 276, 281-282 [1982].)
Professor Siegel, in New York Practice and McKinney’s Practice Commentaries previously cited, enumerated the limited circumstances in which a defendant may make a second CPLR 3211 (a) (7) motion to dismiss. These include situations in which *581 the first motion was premature (Lemberg v Blair Communications, 258 AD2d 291 [1st Dept 1999]; Fraley v Desilu Prods., 23 AD2d 79 [1st Dept 1965]), or if the first motion was aimed at a different pleading than the subsequent motion (Nassau Roofing & Sheet Metal Co. v Celotex Corp., 74 AD2d 679 [3d Dept 1980]). These limited situations do not exist in the instant case.
It is clear that the “single motion rule” exists to avoid wasting the limited resources and time of parties and the court. Successive CPLR 3211 (a) (7) motions to dismiss causes of action, without fitting into any of the limited exceptions, clog motion calendars and delay justice.
Defendant Rodriguez could have added the instant CPLR 3211 (a) (7) motion as an alternate relief sought in her prior motion to dismiss for violation of CPLR 3211 (a) (8). This would have allowed the court to have determined on the merits whether plaintiff stated a cause of action, after the court decided that plaintiff had obtained jurisdiction over defendant Rodriguez. The use of the “single motion rule” in the instant case would have prevented the delay resulting from this motion and make a more economic use of court resources. Professor Siegel observed in New York Practice § 273 (at 454-455 [4th ed]), that the single motion rule “is designed to avoid duplication because the movant can join in the one motion whatever grounds she then has.”
For this court to reach the merits of defendant Rodriguez’s instant CPLR 3211 (a) (7) motion would reward defendant Rodriguez for violation of the “single motion rule” and further delay the instant action. Therefore, this court will deny the instant motion without any analysis of each of the first seven causes of action in the instant complaint.
Conclusion
Accordingly, it is ordered that the motion of defendant Rodriguez for an order, pursuant to CPLR 3211 (a) (7), to dismiss the first seven of the eight causes of action in plaintiffs complaint for failure to state a cause of action, is denied in its entirety.