Mishkin v Mascolo (2020 NY Slip Op 06019)





Mishkin v Mascolo


2020 NY Slip Op 06019


Decided on October 22, 2020


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: October 22, 2020

Before: Renwick, J.P., Manzanet-Daniels, Gesmer, Oing, JJ. 


Index No. 152788/15 Appeal No. 12172 Case No. 2019-21723 

[*1]Marion Mishkin, Plaintiff-Appellant,
v
Neil Mascolo, et al., Defendants-Respondents, Frank Andrea, et al., Defendants.


William A. Thomas, New York, for appellant.
Bartlett LLP, Garden City (Robert G. Vizza of counsel), for respondents.



Order, Supreme Court, New York County (Arthur F. Engoron, J.), entered September 14, 2018, which granted defendants-respondents' motions to dismiss the action under CPLR 3211(a)(2) and (5), unanimously reversed, on the law, with costs, and the matter remanded for determination of the remaining branches of the motions.
Plaintiff's claim for legal fees in connection with her role as liaison counsel for various defendants, who represented plaintiffs alleging personal injuries following the September 11th attacks (9/11) on the World Trade Center, is not within the exclusive jurisdiction of the federal courts, under the exclusivity provisions of the Air Transportation Safety and System Stabilization Act of 2001 (ATSSSA). Plaintiff's claim involves an economic dispute for fees associated with personal injury claims that stemmed from 9/11 and were removed to federal court under the ATSSSA, but "otherwise involve[d] no claim or defense raising an issue of law or fact involving those events" (Canada Life Assur. Co. v Converium Ruckversicherung (Deutschland) AG, 335 F3d 52, 59 [2d Cir 2003]; see Troiano v Mardovich, 2006 WL 2320517 [SD NY 2006]).
Further, despite the extensive litigation in federal court concerning plaintiff's claim for fees in connection with her role as appointed liaison counsel, her claims in this action, grounded in an alleged private engagement by defendant law firms, are not barred by the doctrines of res judicata (claim preclusion) or collateral estoppel (issue preclusion). The judge presiding over the prior litigation in the Southern District of New York, in ruling on plaintiff's claim, explicitly held that it did not have supplemental jurisdiction over plaintiff's claim that defendants engaged her services outside of her role as liaison counsel and suggested that plaintiff could bring any such claim in state court. Since the federal court explicitly declined to hear the claim, we cannot find that she did or should have brought the instant claims with her claims in federal court for purposes of res judicata (see Matter of Hunter, 4 NY3d 260, 269 [2005]), or that there was an actual and necessary determination of the merits of her claims for purposes of collateral estoppel (seeBuechel v Bain, 97 NY2d 295, 303 [2001], cert denied 535 US 1096 [2002]; Lamontagne v Trustees of United Wire, Metal, & Machine Pension Fund, 183 AD2d 424, 425-426 [1st Dept 1992], lv denied 80 NY2d 759 [1992]). In "properly seeking to deny a litigant two 'days in court', courts must be careful not to deprive [her] of one" (Matter of Reilly v Reid, 45 NY2d 24, 28 [1978]).
We decline to consider the other arguments advanced by defendants in support of their motions to dismiss, and remand to the motion court for consideration of those arguments in the first instance.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: October 22, 2020