■ CALVIN J. MILLER, SR., Respondent, v JAMES E. McMA-
HON et al., Appellants.—Casey, J. Appeal (1) from a judgment
of the Supreme Court (Connor, J.), entered June 2, 1986 in
Columbia County, upon a verdict rendered in favor of plaintiff,
and (2) from an order of said court, entered June 2, 1986 in
Columbia County, which denied defendants' motion to set
aside the verdict.

Plaintiff, a construction contractor, was hired by defendant
James E. McMahon to perform certain construction in connec-
tion with McMahon's new home in the Town of Ghent, Colum-
bia County. Plaintiff was hired after he submitted an initial
estimate of $11,000 for the projected cost of excavating, in-
stalling a waterline and septic system, and constructing a
roadway from the house site to the town road, as well as other
items. Additionally, plaintiff was requested to perform extra
excavation and bury a nonfunctional barn. The construction of
a pond was also discussed. Plaintiff installed the pond, al-
though McMahon argues that such installation was unautho-
rized. However, McMahon knew of the pond's installation and
expressed no dissatisfaction to plaintiff. When a disagreement
between McMahon and plaintiff arose regarding slanderous
statements allegedly made by plaintiff against McMahon,
plaintiff was ordered off the job. Although plaintiff had then
received $11,500 from McMahon, he instituted suit for
$14,080.19 for extra work. Defendants counterclaimed for
damages resulting from plaintiff's alleged negligence in dam-
aging certain of his property in the performance of the work
and for completion costs on the unfinished portion of the
contract. At trial a charge schedule, prepared by plaintiff's
wife, was considered by the jury. Plaintiff was awarded $9,500,
while defendants were allowed $845 for completion costs.
Defendants' motion to set aside the verdict was denied and
they appeal.

A contractor is entitled to recover for extra work performed
with permission, regardless of the existence of a written
authorization (Jones Constr. Co. v Parklaw Realty, 76 AD2d
1018, affd 53 NY2d 718). Although McMahon steadfastly
contends that the pond was not authorized, the evidence
offered by plaintiff and credited by the jury was otherwise.
Furthermore, McMahon, for whatever reason, did not express
dissatisfaction with the installation of the pond although
aware of its construction.

Defendants next contend that it was error to permit the
jury to consider the charge schedule compiled by plaintiff's
wife in regard to all of the work plaintiff performed, because

such schedule caused the jury to disregard the original $11,000 contract between the parties. Contrary to this contention, Supreme Court clearly and properly charged the jury to consider plaintiff's claim for compensation only for the extra work that he performed *(see, Savin Bros. v State of New York, 62 AD2d 511, affd 47 NY2d 934)* and that plaintiff was entitled to compensation for work authorized but not included specifically in the original contract *(see, Provo v City of Syracuse, 262 NY 127)*. Based on the evidence presented, which included the cost of the installation of the pond of over $6,000, sufficient proof justified the jury's verdict.

As to defendants' claim of full completion costs, it appears that defendants hired Leo Gardina to complete construction of the driveway after plaintiff left the jobsite. Gardina's bill was $2,422.50 for that item. Plaintiff's claim, that the lesser award by the jury of $845 on this item is clearly erroneous, is without merit. The necessity of defendants' incurring $2,422.50 was within the province of the jury. This and the other controverted items were clearly factual issues. We see no reason to disturb the jury's determination in relation thereto and affirm the order of Supreme Court denying defendants' motion to set aside the verdict.

Judgment and order affirmed, with costs. Kane, J. P., Main, Casey, Weiss and Levine, JJ., concur.