■ Marine Midland Leasing Corp., Appellant, v Chautauqua Airlines, Inc., Respondent.—Judgment unanimously reversed on the law without costs, judgment granted in accordance with Memorandum and matter remitted to Supreme Court for further proceedings, in accordance with the following Memorandum: This appeal involves a dispute concerning the right to insurance proceeds paid by United States Aircraft Insurance Group (USAIG) following the total loss of an aircraft leased to defendant by plaintiff. The aircraft was destroyed by fire in January 1990. Defendant, as the insured,

completed the proof of loss for submission to USAIG and represented that "[t]he amount of loss or damage was TWO MILLION TWO HUNDRED THOUSAND AND 00/100 Dollars". Plaintiff, named as an additional insured on the policy, refused to sign the proof of loss because it directed USAIG to pay the casualty value plus the next rental installment ($1,445,903.63) to it, and to pay the balance ($754,096.37) to defendant.

Plaintiff commenced this action for declaratory judgment seeking a declaration that it is entitled to retain the full amount of the insurance proceeds. The complaint alleges that at all times plaintiff was the owner of the aircraft and that, pursuant to the terms of the lease, defendant was required to insure the aircraft under a policy naming plaintiff as an additional insured and providing for insurance proceeds to be payable to plaintiff. Defendant admits that plaintiff owned the aircraft but asserts a counterclaim alleging that it procured insurance coverage "substantially in excess of the requirements of Section 11, 'Insurance,' of the subject lease" in order to protect its interest in the aircraft and in the unexpired portion of the lease. Defendant argues that it is entitled to receive what it characterizes as "excess" insurance proceeds.

Defendant moved for summary judgment on its counterclaim, and plaintiff cross-moved for summary judgment on the complaint and for judgment dismissing defendant's counterclaim. Supreme Court granted defendant's motion for summary judgment and declared that defendant is entitled to the disputed amount of insurance proceeds ($754,096.37), plus interest. The court relied upon deposition testimony of Paul M. Sciandra, former President of plaintiff, who participated in negotiation of the lease and who testified that "it was not [his] intention that in the event of a loss of the aircraft, Marine Midland would be getting any insurance proceeds in excess of the casualty loss value stipulated in the lease document." The court found that section 10 of the lease was controlling and concluded that defendant was entitled to the disputed amount of the insurance proceeds. This appeal ensued.

The primary objective in contract interpretation is "to ascertain the intent of the parties from the language employed *(Hartford Acc. & Ind. Co. v Wesolowski,* 33 NY2d 169, 171-172)" *(Airco Alloys Div. v Niagara Mohawk Power Corp.,* 76 AD2d 68, 77). Clear and unambiguous terms should be understood in their plain, ordinary, popular and nontechnical sense *(see, United States Fid. & Guar. Co. v Annunziata,* 67 NY2d 229, 232). Additionally, "[t]he rule 'is well settled that the construction of a plain and unambiguous contract is for

the court to pass on, and that circumstances extrinsic to the agreement will not be considered when the intention of the parties can be gathered from the instrument itself' " *(Airco Alloys Div. v Niagara Mohawk Power Corp., supra,* at 77).

Here, the language of the lease is clear and unambiguous, and it is thus unnecessary to resort to parol evidence to construe the parties' agreement. Section 11, entitled "Insurance", is applicable to this dispute. It establishes defendant's obligation to obtain insurance naming plaintiff as an additional insured. Section 11 (b) requires defendant to carry insurance "for an amount which when paid will not be less than the greater of the fair market value of the Aircraft or the Casualty Value thereof." Section 11 (c) requires that plaintiff, "as owner of the Aircraft", be designated in the policy as an additional named insured, and that with respect to the insurance carried in accordance with paragraph (b), proceeds be made payable to plaintiff. Therefore, judgment must be granted declaring that plaintiff is entitled to receive and retain the insurance proceeds to the extent that those proceeds represent the greater of fair market value or casualty value of the aircraft. Clearly, the amount paid by USAIG exceeds the casualty value, but on this record we are unable to determine what portion of the proceeds, if any, exceeds the fair market value of the aircraft. We cannot determine which party is entitled to the disputed amount of insurance proceeds ($754,096.37) because the record lacks proof concerning whether defendant procured insurance coverage in an amount greater than that which the lease required. Therefore, the matter must be remitted to Supreme Court for resolution of that issue of fact. (Appeal from Judgment of Supreme Court, Erie County, Wolfgang, J.—Declaratory Judgment.) Present—Dillon, P. J., Callahan, Denman, Green and Lowery, JJ.