■ CURRY ROAD, LTD., Respondent-Appellant, v K-MART CORPORATION et al., Appellants-Respondents. [595 NYS2d 255] —Crew III, J. Cross appeals from an order of the Supreme Court (Lynch, J.), entered April 3, 1992 in Schenectady County, which, *inter alia,* granted plaintiff's motion for partial summary judgment.

On September 15, 1977 plaintiff's assignor, Three Centers (OLROHO) Associates, as landlord, entered into a lease with defendant K-Mart Corporation, as tenant, governing the rental of certain space in a shopping center located in the Town of Rotterdam, Schenectady County. Insofar as is relevant to this appeal, the lease contained the following provisions:

"Use, Assignment and Subletting

"21. The premises hereby demised may be used for any lawful purpose, not inconsistent with the purposes and appearance of a retail shopping center, and subject to the provisions of Article 17 hereof. Tenant shall not be obligated to conduct or to remain open for the conduct of any business in the Demised Premises. Landlord represents and warrants that the present zoning of the Shopping Center, permits the buildings and site improvements presently erected and constructed thereon, and the use and occupancy of the Demised Premises for the Tenant's intended use. *Tenant may assign this Lease or sublet the whole or any part of the Demised Premises, but if it does so, it shall remain liable and responsible under this Lease. In the event Tenant discontinues the operation of its store, it shall use reasonable efforts to seek an assignee of this Lease or a subtenant either of which shall be of reasonable financial standing and (because of the small size of the Shopping Center) shall not be a competing use with uses already in the Shopping Center.* If any use of the Demised Premises, including Tenant's use if the same is not as originally contemplated, to wit, a K mart operation, shall occasion an increase in the premiums of casualty insurance carried by Landlord on the adjacent buildings of the Shopping Center, exclusive of the Demised Premises, the increased cost thereof shall be borne by Tenant.

"Landlord's Option to Terminate

"22. *Should Tenant at any time elect to discontinue the operation of its store, Tenant shall give to Landlord notice in writing of its intention so to do and in such event Landlord shall have one option, to be exercised by notice in writing given to Tenant within six (6) months after the date of mailing of the Tenant's aforesaid notice to the Landlord, to cancel and terminate this Lease.* If the Landlord exercises its said option, this lease shall cancel and terminate on the last day of the month next following the end of said ninety (90) day period and the Tenant shall be released from any further liability under this lease" [emphasis supplied].

In August 1988, it was determined that K-Mart would close the store in question on November 16, 1988 and, in apparent anticipation thereof, K-Mart purported to sublease the premises to defendant Golub Corporation. When plaintiff learned of the purported sublease, it notified K-Mart by letter dated February 1, 1989 that K-Mart was deemed to be in default of provision No. 22 of the lease because K-Mart had "discontinued operations" but failed to provide plaintiff with the required notice and, further, that the purported sublease was in derogation of plaintiff's option to terminate the lease. Plaintiff subsequently informed K-Mart that it was exercising its option to terminate the lease under provision No. 22; plaintiff later informed K-Mart that it was also terminating the lease due to K-Mart's failure to cure the default resulting from the prior failure to give notice.

Plaintiff thereafter commenced this action seeking, *inter alia,* a declaration that it was entitled to terminate the lease. K-Mart successfully petitioned to have the action removed to Federal District Court based upon alleged diversity of citizenship, and both parties cross-moved for summary judgment; District Court granted summary judgment to plaintiff finding, *inter alia,* that there was no ambiguity between provision Nos. 21 and 22 of the lease and that the lease was terminated as of March 24, 1989. On appeal, the Second Circuit reversed and remanded for further proceedings *(see, Curry Rd. v K Mart Corp.,* 893 F2d 509). Thereafter, District Court remanded the matter to State court due to a lack of diversity, and, hence, a lack of jurisdiction.

Following the remand to State court, Golub intervened and together with K-Mart answered and asserted counterclaims. Plaintiff replied and, insofar as is relevant to this appeal, asserted as an affirmative defense that the purported sublease between K-Mart and Golub was illegal in that it was based upon anti-competitive considerations. Plaintiff ultimately moved for partial summary judgment seeking a declaration that it had properly terminated the lease with K-Mart and that Golub had no rights pursuant to the purported sublease. K-Mart and Golub (hereinafter collectively referred to as defendants where appropriate) cross-moved to strike the fourth affirmative defense and for a protective order regarding a certain document.

Supreme Court determined, *inter alia,* that it was not bound by the Second Circuit's prior determination because that court lacked jurisdiction, no ambiguity existed in the lease, K-Mart had discontinued operation of its store pursuant to provision

No. 22, plaintiff was therefore justified in terminating the lease and, further, the document that was the subject of the protective order was protected by the attorney-client privilege. Accordingly, Supreme Court granted plaintiff's motion for partial summary judgment and granted defendants' cross motion for a protective order. These cross appeals ensued.

Defendants initially contend that the Second Circuit's determination is binding because that court had jurisdiction at the time it rendered its decision but subsequently lost it as a result of the United States Supreme Court's decision in *Carden v Arkoma Assocs.* (494 US 185). We disagree. The Supreme Court in *Carden* merely repeated the long-standing rule that "diversity jurisdiction in a suit by or against [an] entity depends on the citizenship of 'all the members' " *(supra,* at 195, quoting *Chapman v Barney,* 129 US 677, 682). While it may have been the practice in the Second Circuit not to consider limited partners for purposes of diversity jurisdiction *(see, Curley v Brignoli, Curley & Roberts Assocs.,* 915 F2d 81, *cert denied* — US —, 111 S Ct 1430), the Supreme Court "[has] never held that an artificial entity, suing or being sued in its own name, can invoke the diversity jurisdiction of the federal courts based on the citizenship of some but not all of its members" *(Carden v Arkoma Assocs., supra,* at 192). Inasmuch as complete diversity was lacking here, the Second Circuit never had jurisdiction over this matter and, therefore, its prior determination is not binding *(see generally, Salwen Paper Co. v Merrill Lynch, Pierce, Fenner & Smith,* 72 AD2d 385, 390-391; *see also, Travelers Indem. Co. v Sarkisian,* 139 AD2d 27, 29-30; Siegel, NY Prac § 8, at 10 [2d ed]).

Turning to the merits, it is well settled that "[a] lease is to be interpreted as a whole and construed to carry out the parties' intent, gathered, if possible, from the language of the lease * * * If the language is clear and unambiguous, no resort may be had to extrinsic or parol evidence of the intentions of the parties" *(Papa Gino's v Plaza at Latham Assocs.,* 135 AD2d 74, 76). To that end, "[c]lear and unambiguous terms should be understood in their plain, ordinary, popular and nontechnical sense" *(Marine Midland Leasing Corp. v Chautauqua Airlines,* 175 AD2d 643, 644).

Applying these principles to the lease before us, we are of the view that the contested provisions are clear and unambiguous. Under provision Nos. 21 and 22, in the event that K-Mart elects to "discontinue the operation of its store", it has two concurrent obligations: (1) to notify plaintiff in writing of its intention to discontinue operations, thereby triggering

plaintiff's right to terminate the lease (provision No. 22), and (2) to use reasonable efforts to seek an assignee or subtenant that meets certain specified requirements (provision No. 21). The starting point for the application of these provisions is the same, i.e., a decision by K-Mart to "discontinue the operation of *its* store" (emphasis supplied). Although defendants contend that this phrase has one meaning in provision No. 21 and an entirely different meaning in provision No. 22, the interpretation advanced by defendants simply is not plausible. Defendants essentially contend that as used in provision No. 22 the phrase "discontinue the operation of its store" refers to a "dark store", i.e., a store that has been left entirely vacant. Under defendants' interpretation, plaintiff's right to terminate the lease is triggered *only* when the leased premises are entirely vacant, not merely when an entity other than K-Mart occupies the space. Thus, defendants argue that although the lease allows K-Mart to sublet the premises at any time, plaintiff may terminate the lease only when K-Mart "discontinue[s] the operation of its store" in such a fashion as to leave the leased premises completely unoccupied. The plain wording of the lease, however, does not support this strained interpretation. We therefore conclude that Supreme Court properly granted plaintiff's motion for partial summary judgment and declared that the lease was terminated and that the sublease to Golub provided no possessory interest in the premises.

With regard to defendants' cross motion for a protective order, the record reveals that the document at issue is protected by the attorney-client privilege. The document in question was prepared by Golub's then-assistant general counsel for the purpose of providing "confidential legal advice", the disclosure was inadvertent and a timely objection was made *(see generally, Blair Communications v Reliance Capital Group,* 182 AD2d 578; *Manufacturers & Traders Trust Co. v Servotronics, Inc.,* 132 AD2d 392). We have examined the parties' remaining contentions and find them to be lacking in merit.

Yesawich Jr., J. P., Mahoney and Harvey, JJ., concur. Ordered that the order is affirmed, without costs.