■ ARMAND CERRONE, INC., Respondent, v SICOLI & MASSARO, INC., Appellant. (Appeal No. 1.) [626 NYS2d 639] —Judgment unanimously affirmed with costs. Memorandum: On August 15, 1986, The Niagara Venture employed Vasile Construction Corp. (Vasile) as general contractor for construction of buildings, utilities and other facilities for the Niagara Splash Water Theme Park. Vasile subcontracted with Sicoli & Massaro, Inc. (Sicoli & Massaro) for the construction of underground utilities, including water and sewer lines. Sicoli &

Massaro subcontracted with Armand Cerrone, Inc. (Cerrone) for the excavation of a trench for underground utility lines. Cerrone commenced this action to recover sums allegedly due for its performance of that contract, and Sicoli & Massaro commenced a third-party action against Vasile seeking indemnification for any damages awarded to Cerrone in the main action.

Following a nonjury trial, Supreme Court determined that the excavation and removal of concrete by Cerrone was included within the contract specification for rock excavation and that Cerrone was entitled to compensation for the excavation and removal of rock. That determination is not contrary to the weight of the evidence. A principal of Sicoli & Massaro testified that, based upon the definition of "cementitious" aggregate deposits in the specifications, concrete could be interpreted to constitute rock, and that Sicoli & Massaro included concrete removal in its change request submitted to Vasile for compensation for rock excavation. Further, we reject the contention of Vasile that rock excavation constituted "extra work" as opposed to "alternate work". The contract expressly labels rock excavation as an alternate item under the specification for earthwork. In any event, even if considered extra work, Vasile's engineer directed Cerrone to perform the excavation and Vasile accepted the work. Under the circumstances, Sicoli & Massaro was entitled to compensation for that work on a quantum meruit basis *(see, La Rose v Backer,* 11 AD2d 314, 319-320, *amended* 11 AD2d 969, *affd* 11 NY2d 760; *Care Sys. v Laramee,* 155 AD2d 770; *Miller v McMahon,* 135 AD2d 1030).

The court's determination that Sicoli & Massaro is not entitled to a credit against the amount due under its contract with Cerrone is not contrary to the weight of evidence. That contract contains a fixed contract price of $150,000. Thus, the fact that Cerrone performed less work than anticipated does not entitle Sicoli & Massaro to a reduction of the amount due under the contract.

The court properly refused to enforce the subject "pay when paid" clause *(see, Schuler-Haas Elec. Corp. v Aetna Cas. & Sur. Co.,* 49 AD2d 60, 64, *affd* 40 NY2d 883) and properly determined that Sicoli & Massaro was entitled to prejudgment interest from June 30, 1987. We further conclude that the court did not abuse its discretion in denying the motion of Vasile to amend its third-party answer to seek a credit in the same amount as a credit that was extended by Cerrone to

Sicoli & Massaro. That credit was extended by Cerrone in order to expedite payment. Because the court deemed the relief sought in the third-party action to be limited to the claim for rock excavation, it properly concluded that the credit did not apply to that action and denied Vasile's motion without prejudice to seeking the credit in a separate action commenced by Sicoli & Massaro against Vasile and others. (Appeal from Judgment of Supreme Court, Niagara County, Mintz, J.—Breach of Contract.) Present—Denman, P. J., Green, Fallon, Balio and Boehm, JJ.