■ WILLIAM MARFURT, Doing Business as WILLIAM MARFURT LANDSCAPING & EXCAVATING CO., Respondent, v COLLEGE PARK ASSOCIATES, Appellant. (Appeal No. 1.) [643 NYS2d 266] —Judgment unanimously modified on the law and as modified affirmed without costs in accordance with the following Memorandum: Supreme Court erred in awarding plaintiff damages for the extra cost of rock removal on work performed under the contract. Contrary to plaintiff's contention, the language of the contract, which provides for "[s]ite cuts and fill", with "[n]o blasting", is unambiguous. The question whether a contract term is ambiguous is one of law to be resolved by the court. The rules governing the construction of an ambiguous contract are not triggered unless the court first finds an ambiguity (*see,* *Matter of Wallace v 600 Partners Co.*, 86 NY2d 543, 548; *Marine*

*Midland Leasing Corp. v Chautauqua Airlines,* 175 AD2d 643, 644-645). The court therefore erred in permitting plaintiff to introduce extrinsic evidence that the cost of removing rock by a method other than blasting was not included in the contract price (*cf., Cerrone, Inc. v Sicoli & Massaro,* 214 AD2d 968, 969).

We have considered defendant's remaining contentions and conclude that they are without merit. We therefore modify the judgment by reducing it by $8,925, the amount awarded for rock excavation on work performed under the contract. (Appeal from Judgment of Supreme Court, Erie County, Mintz, J.—Damages.) Present—Pine, J. P., Wesley, Callahan, Doerr and Boehm, JJ. [As amended by unpublished order entered Sept. 27, 1996.]